**Cecil J. THORNBURG, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 26562.**

United States Court of Appeals Fifth Circuit.

Feb. 4, 1969.

Cecil J. Thornburg, pro se.

Macon L. Weaver, U. S. Atty., R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

In this appeal from the judgment of the district court denying appellant's motion to vacate sentence as per Title 28 U.S.C. § 2255, by letter to the Clerk he has requested that the appeal be dismissed without prejudice. This we decline to do as the case obviously has no merit and should be disposed of without further briefs or argument.

Appellant was convicted of possession of an unregistered distillery [26 U.S.C. § 5179], operating a distillery without posting bond [26 U.S.C. § 5601 (a) (4)], and unlawful production of mash [26 U.S.C. § 5222(a) (1)]. He is attacking only his conviction under § 5179, attempting to bring himself within the rule of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906

(1968); and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). In Brown v. United States, 5 Cir., 1968, 401 F.2d 769, and Anderson v. United States, 5 Cir., 1968, 403 F.2d 206, this Court discussed this same issue, holding in these cases that the registration and tax statutes governing distilleries and distilled spirits do not impose the danger of self-incrimination.

We are bound by and in full accord with these holdings. The judgment of the court below is affirmed.

Affirmed.