UNITED STATES *v.* COVINGTON.

No. 366.   Argued December 12, 1968.—Decided May 19, 1969.

*Philip A. Lacovara* argued the cause for the United States, *pro hac vice.* With him on the brief were

*Solicitor General Griswold, Assistant Attorney General Vinson,* and *Beatrice Rosenberg.*

*William J. Davis,* by appointment of the Court, 393 U. S. 973, and *Robert J. Haft* argued the cause for appellee. *Mr. Davis* also filed a brief for appellee.

MR. JUSTICE HARLAN delivered the opinion of the Court.

This is a companion case to *Leary* v. *United States,* decided today, *ante,* p. 6. Appellee was charged in a one-count federal indictment in the Southern District of Ohio with having violated 26 U. S. C. § 4744 (a)(1), a part of the Marihuana Tax Act, by obtaining 737.1 grams of marihuana without having paid the transfer tax imposed by 26 U. S. C. § 4741 (a).[1] On appellee's motion, the District Court dismissed the indictment, holding that under principles established in *Marchetti* v. *United States,* 390 U. S. 39 (1968), *Grosso* v. *United States,* 390 U. S. 62 (1968), and *Haynes* v. *United States,* 390 U. S. 85 (1968), appellee's privilege against self-incrimination necessarily would provide a complete defense to the prosecution. 282 F. Supp. 886 (1968).

On motion for reconsideration, the Government advanced the argument, more fully described in *Leary, supra,* at 18–20, that the transfer tax provisions of the Marihuana Tax Act do not compel incriminatory disclosures because, as administratively construed and applied, they allow prepayment of the tax only by persons whose activities are otherwise lawful. The District Court responded by ruling in the alternative that if appellee was not required to pay the tax there could be no basis for the indictment. Appendix 20.

---

[1] The relevant provisions of the Marihuana Tax Act are set out and their relationships explained in *Leary* v. *United States, supra,* at 14–15.

The Government appealed directly to this Court pursuant to 18 U. S. C. § 3731, which authorizes direct appeal from the dismissal of an indictment when the decision is one "sustaining a motion in bar" or "is based upon the invalidity or construction of the statute upon which the indictment or information is founded." We noted probable jurisdiction, 393 U. S. 910 (1968),[2] and the appeal was argued together with *Leary* v. *United States, supra.*

As has been noted, the District Court dismissed the indictment on two alternative grounds. We begin with the second, which was that, assuming the Government's construction of the Marihuana Tax Act to be correct, the indictment did not charge an offense under that statute. Our decision today in *Leary, supra,* makes it plain that this was an improper ground of dismissal, for we have held that the Government's interpretation is incorrect and that the Act requires persons like appellee to prepay the transfer tax. See *ante,* at 20–26.

The District Court's other basis for dismissal was that appellee's Fifth Amendment privilege necessarily would provide a complete defense to the prosecution. We have held today in *Leary* that the privilege does provide such a defense unless the plea is untimely, the defendant confronted no substantial risk of self-incrimination, or the privilege has been waived. See *ante,* at 27.[3] See also

---

[2] If the dismissal rested on the ground that the Fifth Amendment privilege would be a defense, then the decision was one "sustaining a motion in bar." See *United States* v. *Murdock,* 284 U. S. 141 (1931). If the dismissal was based on a finding that under the Government's construction of the Marihuana Tax Act the indictment stated no offense, then the decision necessarily was "based upon the . . . construction of the statute upon which the indictment . . . [was] founded." See *United States* v. *Borden Co.,* 308 U. S. 188, 193 (1939).

[3] Leary was convicted under 26 U. S. C. § 4744 (a) (2), prohibiting transportation or concealment of marihuana by one who acquired it

*Marchetti* v. *United States,* 390 U. S. 39, 61 (1968). The questions remain whether such a plea of the privilege may ever justify dismissal of an indictment, and if so whether this is such an instance.

Federal Rule of Criminal Procedure 12 (b)(1) states that: "Any defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion." A defense is thus "capable of determination" if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.[4] Rule 12 (b)(4) allows the District Court in its discretion to postpone determination of the motion to trial, and permits factual hearings prior to trial if necessary to resolve issues of fact peculiar to the motion.

In many instances, a defense of self-incrimination to a Marihuana Tax Act prosecution will be "capable of determination without the trial of the general issue." A plea on motion to dismiss the indictment is plainly timely. The question whether the defendant faced a substantial risk of incrimination is usually one of law which may be resolved without reference to the circumstances of the alleged offense. There may more frequently be instances when the issue of waiver will be suitable for trial together with the "general issue."[5] However, the question whether the privilege has been waived also is one of law, and in most cases there will be no factual dispute about it. Hence, we think that a defendant's assertion of the privilege should be sufficient to create a legal pre-

without having paid the transfer tax, while appellee was indicted under 26 U. S. C. § 4744 (a)(1), forbidding such acquisition. We think it clear that there is no significant distinction between the statutes for purposes of the Fifth Amendment privilege.

[4] See 8 J. Moore, Federal Practice ¶ 12.04 (R. Cripes ed. 1968); 2 L. Orfield, Criminal Procedure Under the Federal Rules §§ 12.51–12.60 (1966).

[5] Cf. *Leary* v. *United States, supra,* at 28–29.

sumption of nonwaiver, and thus to require dismissal of the indictment, unless the Government can rebut the presumption by showing a need for further factual inquiries.

Application of these principles to this appeal requires affirmance. Appellee asserted in his motion to dismiss that his possession of marihuana was illegal under Ohio law, and that he would have run a substantial risk of incrimination had he complied with the Act. The District Court reached the same conclusion. The Government appears to acknowledge the illegality of appellee's possession.[6] We conclude that there is no possibility of any factual dispute with regard to the hazard of incrimination.

There is in this brief record no indication that appellee waived his privilege, and the Government has never alleged the existence of a factual controversy on that score. Hence, we think it "just under the circumstances" that the case be finally disposed of at this level. See 28 U. S. C. § 2106; *Grosso* v. *United States,* 390 U. S. 62, 71–72 (1968); *Haynes* v. *United States,* 390 U. S. 85, 100–101 (1968). Accordingly, the judgment of the District Court is

*Affirmed.*

MR. CHIEF JUSTICE WARREN, considering himself bound by the decisions in *Marchetti* v. *United States,* 390 U. S. 39 (1968), *Grosso* v. *United States,* 390 U. S. 62 (1968), and *Haynes* v. *United States,* 390 U. S. 85 (1968), concurs in the judgment of the Court.

MR. JUSTICE STEWART joins the opinion and judgment of the Court upon the premise stated in his concurring opinion in *Leary* v. *United States, ante,* p. 54.

---

[6] See Brief for the United States 3, n. 1.