**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stephen Thomas FREEMAN, Defendant-Appellant.**

**No. 82–69.**

United States Court of Appeals Tenth Circuit.

June 20, 1969.

Milton C. Branch, Asst. U. S. Atty. (James L. Treece, U. S. Atty., was with him on the brief), for plaintiff-appellee.

Peter H. Ney, Englewood, Colo., for defendant-appellant.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The one-count indictment against defendant-appellant Freeman charged that he violated 26 U.S.C. § 4744(a)(1) by acquiring and obtaining 2.5 pounds of marijuana without having paid the transfer tax imposed by 26 U.S.C. § 4741(a). Defendant moved to dismiss the indictment on the ground that the mentioned statutes "are unconstitutional in that they violate defendant's rights under the Fifth Amendment to the Unit-

ed States Constitution." The motion was overruled. Defendant then moved that the trial be deferred until the decision of the United States Supreme Court in Leary v. United States where the constitutionality of the statutes was attacked. After the denial of this motion, the defendant waived a jury and on trial to the court was found guilty and sentenced to four years imprisonment.

In its May 19, 1969, decision in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, the Supreme Court considered whether a defendant's conviction under the Marijuana Tax Act violated his privilege against self-incrimination. It concluded that the defendant's "invocation of the privilege was proper and that it should have provided a full defense to the third [transferee] count of the indictment," and reversed the conviction under 26 U.S.C. § 4744(a)(2). The Leary decision is controlling here if the defendant properly invoked the privilege.

On the same day that it decided Leary, the Supreme Court decided United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94. That was an appeal from the dismissal of an indictment charging violation of 26 U.S.C. § 4744(a)(1). In footnote 3, the Court pointed out that "for purposes of the Fifth Amendment privilege" there is no significant distinction between 26 U.S.C. § 4744(a)(1) and 26 U.S.C. § 4744(a)(2). The Court, construing Leary, said that privilege is a complete defense "unless the plea is untimely, the defendant confronted no substantial risk of self-incrimination, or the privilege has been waived," and affirmed the dismissal of the indictment.

 In the case at bar the plea was timely because the Fifth Amendment right was raised by a timely motion to dismiss. The defendant confronted a substantial risk of self-incrimination because his possession of marijuana was illegal under Colorado law.[1] We have here no factual dispute with regard to hazard of incrimination.

In Covington, the Court held that the assertion of the privilege in a motion to dismiss the indictment is sufficient to create a presumption of non-waiver "unless the Government can rebut the presumption by showing a need for further factual inquiries." The Government has made no such showing. We believe that this case is within the pattern established by Covington and that in the circumstances the Fifth Amendment privilege is a complete defense to the indictment.

Reversed.

---

1. See Colo.Rev.Stat.1963 §§ 48–5–1(13) and 48–5–2. The Colorado statutes cover cannabis sativa and its derivatives.

Marijuana is a drug prepared from cannabis sativa. See definition of marijuana in Black's Law Dictionary.