**1370**

**UNITED STATES of America,
Plaintiff,**

v.

**Jesus M. ROMERO, Defendant.**

**Cr. No. 69-56.**

United States District Court
W. D. Oklahoma.

Aug. 12, 1969.

Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Judd L. Black, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, District Judge.

Upon consideration of the Defendant's Motion to Quash Indictment and Dismiss Prosecution, the Response of the Government thereto, briefs filed in connection with the Motion by both parties and oral arguments heard thereon, the Court finds that said Motion should be sustained as to Count 1 of the Indictment inasmuch as the Plaintiff confesses the Motion as to that Count in view of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), and that the Motion should be overruled as to Count 2 of the Indictment.

Count 1 is a "buying" count in which the Defendant is charged with buying marihuana without complying with 26 U.S.C. § 4744(a) (1). The United States Supreme Court by the Covington case, supra, has held that if a defendant timely asserts his privilege against self incrimination under the Fifth Amendment, United States Constitution, with reference to a prosecution under this statute, the same is a complete defense to the prosecution. The basis of this ruling is that a defendant prosecuted under such statute, as a "buyer" of marihuana, is by compliance with the registration provisions of such statute required to incriminate himself in violation of the Fifth Amendment.

Count 2, however, is a "selling" count filed under 26 U.S.C. § 4742(a), and involves the Defendant as an alleged "seller" of marihuana. The United States Supreme Court did not rule on a prosecution under this statute in Leary or Covington, supra, that is, a prosecution against a "seller" or "pusher" of marihuana as opposed to one buying mari-

huana. The United States Court of Appeals for the Second Circuit in the case of United States v. Buie, 407 F.2d 905 (1969), however, has treated with a conviction under this section and has concluded that a "seller" of marihuana, under said section, is not required to incriminate himself as is a "buyer" of marihuana under 26 U.S.C. § 4744(a) (1).

The Court is of the opinion from both practical and legal standpoints that there is a significant difference between a "buyer" of marihuana and a "seller" or "pusher" of marihuana. The marihuana act involved treats the two types of persons differently and requires actions of one, that is, the buyer which are not required of the seller. Moreover, the privilege involved being personal in nature it is necessary to consider each case on this basis. It further appears from research and oral arguments that a "seller" of marihuana should he complete a sale pursuant to a written order form is not required to do anything therewith as far as the Government is concerned which would constitute his being required to incriminate himself in connection with the sale. If this is an erroneous assumption or conclusion, nonetheless, the case of United States v. Minor, 398 F.2d 511 (Second Cir. 1968), has dealt with this matter in connection with a "seller" of narcotics, who is required, apparently, to do more in connection with a written purchase order form than is a "seller" of marihuana, and has concluded that these actions do not constitute a requirement of causing a "seller" to self incriminate himself. *Minor* also finds that a statute comparable to 26 U.S.C. § 4742(a) involved herein and which pertains to narcotics rather than marihuana does not require self incrimination as far as a "seller" of narcotics is concerned.

It is, therefore, ordered that Count 1 of the Indictment is dismissed, but the Motion to Quash Indictment and Dismiss Prosecution as to Count 2 is overruled.