**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary REYNOLDS, Defendant-Appellant. No. 16921.**

United States Court of Appeals Seventh Circuit.

Sept. 2, 1969.

Jason E. Bellows, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee, Michael B. Nash, William P. Cagney, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, and SWYGERT and KERNER, Circuit Judges.

PER CURIAM.

Gary Reynolds, defendant appellant, was indicted under Counts I and III for violation of 26 U.S.C. § 4742(a) and under Counts II and IV for violation of 21 U.S.C. § 176a. Reynolds waived a trial by jury and was found guilty on all counts. From this finding he appeals.

Under Counts I and III defendant was convicted of transferring marihuana without obtaining a written order form from the transferee in violation of 26 U.S.C. § 4742(a). Section 4742(c) requires that the name and the address of the vendor be included in the order form. This court in an opinion by Judge Hastings relied on the Supreme Court opinions in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 8 S.Ct. 722, 19 L.Ed.2d 923 (1968), and held 26 U.S.C. § 4742(a) unconstitutional because the requirement of the transferor's name in the order form violates the transferor's privilege, against self-incrimination. Santos v. United States, 417 F.2d 340 (7th Cir. August 19, 1969). We agree with the decision in *Santos* and reverse defendant's conviction on Counts I and III.

Defendant was also convicted under Counts II and IV for concealing and facilitating the transportation of marihuana knowing it to be illegally imported into the United States in violation of 21 U.S.C. § 176a. In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532 (1969), the Court held the presumption in § 176a unconstitutional because there was no rational connection between possession of marihuana and knowledge that the marihuana was illegally imported. 395 U.S. 6, 29–54, 89 S.Ct. 1532. Here, however, the buyer of the marihuana testified that the defendant told him that the marihuana was Mexican in origin and that defendant showed him the Mexican newspaper in which the marihuana was wrapped. The Government argues that there is substantial evidence to support the conviction for violation of § 176a without relying on the presumption. Since the District Judge did not make findings and entered a general verdict, we do not know on what theory he based his conclusion. In Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), the Court held that a conviction based on alternate theories submitted to a jury must be set aside where one of the theories is unconstitutional. Although defendant, here, waived a jury trial and was convicted by the Judge, we do not think the result should be different. Therefore, we remand this case to the District Court for a finding as to whether there is sufficient evidence to prove defendant guilty beyond a reasonable doubt of violating § 176a without relying on the presumption. *Cf.* United States v. Habig, 413 F.2d 1108 (7th Cir. July 28, 1969).

Reversed in part and remanded in part.