**Jess CANCINO, Petitioner,**

**v.**

**Walter E. CRAVEN, Respondent.**

**Civ. No. 69–881.**

United States District Court
C. D. California.

Oct. 17, 1969.

Jess Cancino, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Mark L. Christiansen, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner Jess Cancino is incarcerated at Folsom Penitentiary, Represa, California. On February 9, 1962, after a plea of guilty in the California Superior Court for a violation of the California Health and Safety Code, § 11500 (West,

1964), possession of heroin, Petitioner was sentenced to the term prescribed by law, not less than five nor more than twenty years, an augmented term due to a prior Federal conviction for violation of 26 U.S.C. §§ 4742(a) (1967), transfer of marijuana without the Federal order form.

This is Petitioner's nineteenth attempt at postconviction relief and this opinion is the second written decision rendered by a Federal Court. Judge Leon R. Yankwich of our Central District of California denied a similar petition on December 19, 1967, Civil No. 67–476–Y.

The present petition is based on the following grounds:

(1) That Petitioner's guilty plea in the California State case was not voluntarily given because the police had procured overwhelming evidence of his guilt by unlawful means; because the prosecution threatened to bring charges against Petitioner's wife if he did not plead guilty; and because the defense counsel had assured Petitioner that various public officials had been bribed so he would be given a reduced sentence.

(2) That the sentence was improperly augmented by the prior Federal conviction because the original State Information did not contain a showing or charge of the prior Federal conviction; because the State's Amended Information showing and charging the prior Federal conviction failed to specify the Federal statute pursuant to which the Petitioner was previously convicted with the result that Petitioner allegedly was denied an opportunity to defend against the use of this prior conviction; and finally, because the prior Federal conviction was invalid in that it was obtained pursuant to an unconstitutional statute.

After reviewing the Petition for the Writ of Habeas Corpus, the Response, the Traverse, the arguments and authorities set forth by the parties and the previous order of Judge Yankwich denying a Writ of Habeas Corpus, this Court is fully advised in the premises and denies the Writ of Habeas Corpus for the following reasons.

Petitioner's first contention that his guilty plea was not voluntarily given was considered on the merits and denied by Judge Yankwich, and must be denied now on the basis of 28 U.S.C. § 2244(b) (Supp., 1967):

"When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ."

The one new ground Petitioner alleges for this first contention, namely, that his defense counsel had assured him that various public officials had been bribed, does not have any factual support in the petition. Further, in view of the numerous previous attempts for postconviction relief and the substantial amount of money involved in the alleged bribes, the Court believes that the belated presentation of this new ground shows that he deliberately withheld the newly asserted ground and otherwise abused the Writ of Habeas Corpus, 28 U.S.C. § 2244(b) (Supp., 1967); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

■ The similar belated presentation of the second contention, namely that the prior Federal conviction was improperly used, can and should be disposed of as a deliberate withholding of this ground in earlier applications and as further abuse of the Writ. 28 U.S.C. § 2244(b) (Supp., 1967).

■ Not content with this facile disposition of the matter, we go to the merits and still find that the second contention does not support the granting of a writ of habeas corpus. The burden of proof is on Petitioner to demonstrate that he has a right to habeas corpus relief. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Schlette v. People of State of California, 284 F. 2d 827 (9th Cir., 1966); and Sampsell v. People of State of California, 191 F.2d 721 (9th Cir., 1951). And he must allege specific facts that show a Federal right is involved. 28 U.S.C. § 2241(c) (1959); In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); and Martinez v. Wilson, 357 F.2d 173 (9th Cir., 1966).

■ It is true, as Petitioner alleges, that the original information did not contain any showing of the prior Federal conviction. It also is true, as Petitioner alleges, that the Amended Information, while containing the charge of the prior Federal conviction, did not specify by United States Code title and section the Federal statute pursuant to which Petitioner was previously convicted. But these facts do not demonstrate a deprivation of "fundamental rights" which would constitute a denial of "due process". Alexander v. Fogliani, 375 F. 2d 733 (9th Cir., 1967). The allegation that Petitioner was denied "due process" because he was not advised of the specific Code title and section of the Federal statute pursuant to which he was previously convicted is frivolous. Surely Petitioner was aware of the offense for which he was previously convicted, since the charge of the prior Federal conviction contained in Count II of the Amended Information in clear and concise language shows the conviction as follows:

"That before the commission of the offenses hereinbefore set forth in this information, said defendant, JESS CANCINO, was in the District Court of the United States, in and for the Southern District of California, convicted of the crime of ILLEGALLY TRANSFERRING MARIJUANA, a felony, and the judgment of said court against said defendant in said connection was on or about 19th day of November, 1956, pronounced and rendered and said defendant served a term of imprisonment therefor in the Federal Prison." Case No. 67–476–Y, Opposition to Petition for Writ of Habeas Corpus, Appendix A, p. 5.

Further, there is no indication that Petitioner requested or otherwise attempted to ascertain the specific Code title and section of the statute before admitting the prior conviction.

The Court can and does take judicial notice of the prior Federal conviction from the Court's own files, U. S. A. v. Jess Cancino, Criminal Case No. 25,105 (C.D.Cal., 1956). Petitioner was indicted and convicted by a jury for violating 26 U.S.C. § 4742(a) (1967):

"It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

This prior Federal conviction for illegal transfer of marijuana was properly used to augment Petitioner's sentence for a violation of California Health and Safety Code, § 11500 (West, 1964), which provides:

"If such a person has been previously convicted once of any felony offense described in this division or has been previously convicted once of any offense under the laws of any

other state or of the United States which if committed in this State would have been punishable as a felony offense described in this division, the previous conviction shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or is admitted by the defendant, he shall be imprisoned in the state prison for not less than five years nor more than 20 years, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than five years in prison."

To "transfer" marijuana in violation of the Federal statute, Petitioner necessarily had to be in possession of it, and possession of marijuana is a felony violation of California law and punishable under Health and Safety Code, § 11530 (West, 1964), which is described in Division 10 of the Health and Safety Code, the same Division in which Section 11500 appears.

Petitioner is incorrect in his assertion that the prior Federal conviction was under an unconstitutional statute. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), do not hold that 26 U.S.C. § 4742(a) (1967) is unconstitutional. In Leary and Covington, the defendants were prosecuted under 26 U.S.C. § 4744(a) (1967), and the Supreme Court held that the Fifth Amendment privilege against self-incrimination would provide a complete defense to a prosecution under that statute. Leary, 395 U.S. at 27, 89 S.Ct. 1532; Covington, 395 U.S. at 59, 89 S.Ct. 1559. In the instant case, assuming that the Petitioner in timely fashion had asserted the privilege, that the privilege was not waived, and that these two Supreme Court decisions are retroactive, their holdings obviously do not apply to the completely different statutory language of 26 U.S.C. § 4742(a) (1967). The Petitioner, as a transferor, was not confronted by any substantial risk of self-incrimination. *Covington*, 395 U.S. at 59, 89 S.Ct. 1559.

Petitioner here is under the misapprehension that an evidentiary hearing is required before a Federal court can reach the merits of a petition for habeas corpus. An evidentiary hearing is not granted as a matter of course in all habeas corpus proceedings. Copenhaver v. Bennett, 355 F.2d 417 (8th Cir., 1966); Harris v. Tahash, 353 F.2d 119 (8th Cir., 1965); and Jackson v. People of State of California, 336 F.2d 521 (9th Cir., 1964). It is not required when there is no factual dispute and the application shows on its face that no relief is necessary. Boyd v. State of Oklahoma, 375 F.2d 481 (10th Cir., 1967); and Webb v. Crouse, 359 F.2d 394 (10th Cir., 1966). And no evidentiary hearing is required when the merits of the petition can be determined from the records before the court. Petition of Forcella, 371 F.2d 37 (3rd Cir., 1967); Yeaman v. United States, 326 F.2d 293 (9th Cir., 1963); and United States ex rel. McGrath v. La Vallee, 319 F.2d 308 (2nd Cir., 1963).

Petitioner cites Hutchinson v. Craven (9th Cir., August 14, 1969), 415 F. 2d 278, as authority for his misapprehension that an evidentiary hearing is required. In *Hutchinson*, the District Court refused to entertain an application for a writ of habeas corpus on the basis of a previous District Court denial, 28 U.S.C. § 2244(b) (Supp., 1967), and the Ninth Circuit held that this disposition was improper because the initial District Court denial was erroneously based on a prior state hearing, 28 U.S.C. § 2254(d) (Supp., 1967). Petitioner here does not allege that Judge Yankwich in his denial of the first writ of habeas corpus relied upon a prior state court hearing, 28 U.S.C. § 2254(d) (Supp., 1967), or upon any other erroneous grounds. Therefore, *Hutchinson* is not applicable to the present petition.

For the foregoing reasons, and it clearly appearing that an evidentiary

544

hearing is not required, this Court finds that Petitioner is not entitled to any relief.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.