**Russell Leon JONES, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 69–1319.**

United States District Court
C. D. California.

Nov. 5, 1969.

Russell Leon Jones, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division; Henry J. Novak, Asst. U. S. Atty., for respondent.

ORDER DENYING MOTION TO VA-
CATE AND SET ASIDE SEN-
TENCE PURSUANT TO 28 U.S.
C. § 2255.

HAUK, District Judge.

Petitioner is incarcerated in the Federal Penitentiary at McNeil Island, Washington, and has filed this motion pursuant to 28 U.S.C. § 2255 (1959) to vacate and set aside the sentence. After a plea of guilty to an indictment that charged unlawful possession of marijuana, 26 U.S.C. § 4744(a) (1967), Petitioner was on May 1, 1967, sentenced to three years imprisonment.

In this motion for relief under § 2255, Petitioner alleges that he was convicted pursuant to an unconstitutional law and that the law contained a presumption that denied him due process of law. Petitioner supports his contentions by citing the recent Supreme Court decisions in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969).

After reviewing the Motion to Vacate and Set Aside Sentence, the Response, the Reply to the Response, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Motion be denied for the following reasons.

■■ First, the Supreme Court has not given retroactive effect to the recent decisions in Leary and Covington. In Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967), the Court specified the following criteria for determining whether a decision is to be given retroactive effect:

"The criteria guiding resolution of the question implicates (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

It appears unlikely that the Supreme Court will give retroactive effect to Leary and Covington because that would create a tremendous stress on the administration of justice, and the purpose of the Fifth Amendment privilege against self-incrimination is not the type that requires retroactive effect.

"The basic purpose of a trial is the determination of truth, and it is self-evident that to deny a lawyer's help through the technical intricacies of a criminal trial or to deny a full op-

portunity to appeal a conviction because the accused is poor is to impede that purpose and to infect a criminal proceeding with the clear danger of convicting the innocent * * * (citations omitted). The same can surely be said of the wrongful use of a coerced confession * * * (citations omitted). By contrast, the Fifth Amendment's privilege against self-incrimination is not an adjunct to the ascertainment of truth. That privilege, like the guarantees of the Fourth Amendment, stands as a protection of quite different constitutional values— values reflecting the concern of our society for the right of each individual to be let alone." Tehan v. United States ex rel. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 465, 15 L.Ed.2d 453 (1966).

See also Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

■■ Second, *Leary* and *Covington* do not invalidate 26 U.S.C. § 4744 (a) (1967), but merely conclude that the privilege against self-incrimination should provide a "complete defense to prosecution under § 4744(a) (2)". *Leary* 395 U.S. at 27, 89 S.Ct. at 1543. Further, the Court holds that the defense could be lost if the "plea is untimely, the defendant confronted no substantial risk of self-incrimination, or the privilege has been waived." *Covington* 395 U.S. at 59, 89 S.Ct. at 1560. Unlike the defendants in *Covington* and *Leary*, who timely raised the defense of self-incrimination respectively in a motion to dismiss the indictment and in a motion for a new trial, Petitioner here has untimely asserted the privilege in a motion to vacate and set aside the sentence pursuant to § 2255.

■ Third, there is no showing that 26 U.S.C. § 4744(a) (1967) contains a presumption that denies Petitioner due process of law. Petitioner apparently derived this erroneous belief from a mis-

interpretation of *Leary*. In *Leary*, the Supreme Court held that the application of the presumption contained in 21 U.S.C. § 176a (1961), smuggling of marihuana, was unconstitutional because it deprived the defendant of due process of law. The Supreme Court in *Leary* did not discuss and did not hold unconstitutional any presumption contained in 26 U.S.C. § 4744(a) (1967).

For the foregoing reasons, the motion and the files of the case conclusively show that Petitioner is not entitled to any relief and that a hearing is not required.

Therefore, it is hereby ordered that Petitioner's Motion to Vacate and Set Aside Sentence pursuant to 28 U.S.C. § 2255 be, and the same is, denied.