Jesus V. CALDERON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CA 7–465.

United States District Court, N. D. Texas, Wichita Falls Division.

Jan. 6, 1970.

Lee Humphrey, John Legendre, Wichita Falls, Tex., for petitioner.

William F. Sonderson, U. S. Atty., Dallas, Tex., for respondent.

## JUDGMENT

HUGHES, District Judge.

The Court, having considered the pleadings, the files and the records of the case of United States of America v. Calderon, CR–7–88, and the briefs submitted by the parties, is of the opinion that the Petitioner's Motion pursuant to Section 2255 of Title 28, United States Code, attacking a sentence imposed by this Court, should be granted.

On October 6, 1967, Jesus V. Calderon, Petitioner, on a plea of guilty was sentenced to 10 years for acquiring approximately 202 grams of marijuana without having paid the tax imposed by 26 U.S. C. Section 4741(a), a violation of 26 U.S. C. Section 4744(a) (1). Petitioner made no appeal from that conviction.

On May 19, 1969, the United States Supreme Court in the case of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), held that the Fifth Amendment privilege against self-incrimination constituted a full defense against conviction under 26 U.S.C. Section 4744(a) (2). Justice Harlan in the companion case of United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L. Ed.2d 94 (1969), stated in footnote 3 that there is no significant distinction between 26 U.S.C. Section 4744(a) (1) and 26 U.S.C. Section 4744(a) (2) for purposes of the Fifth Amendment privilege.

Petitioner in this case expressly claimed the privilege against self-incrimination for the first time in the action filed under 28 U.S.C. § 2255 on July 26, 1969, in this Court.

The Court is of the opinion that the Petitioner's motion under 28 U.S.C. Section 2255 should be granted for the following reasons:

(1) The Petitioner's claim of the privilege against self-incrimination is timely, as required by the decision of Leary v. United States, supra.

The Petitioner's trial occurred twenty (20) months before the Supreme Court's decision in Leary and four (4) months before the decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), a triumvirate of cases which provided a basis for the Leary holding. Thus the state of the law at the time of Petitioner's trial was contrary to any claim of privilege as a defense to prosecution under 26 U.S.C. Section 4744(a) (1). Leary changed the state of the law to recognize and make effective that defense. Leary was decid-

ed on May 19, 1969. Petitioner filed his motion pursuant to Section 2255 of Title 28 U.S.C. on July 29, 1969. The fact that petitioner filed his motion on the basis of *Leary* within a prompt and reasonable time after the Supreme Court delivered that opinion satisfies the requirement of timeliness.

The conclusion of timeliness with regard to the petitioner Calderon, who is still serving the balance of his sentence, is strengthened analogously by the fact that in United States v. Lucia, Fifth Circuit opinion, September 17, 1969, 416 F.2d 920, the Court permitted a petitioner who had been convicted prior to the Supreme Court decisions in Marchetti v. United States and Grosso v. United States of violating the federal laws taxing illegal wagers on a plea of guilty, to raise the claim against self-incrimination in a motion in the nature of a writ of error coram nobis filed after *Marchetti* and *Grosso* were decided. The petitioner had served a six months sentence and had paid a fine, but was still on probation and was suffering certain civil disabilities as a result of his conviction.

(2) The government admits that the defendant confronted a substantial risk of self-incrimination as required by the *Leary* decision. See United States v. Covington, supra.

■ (3) The petitioner's failure to raise the issue of his privilege against self-incrimination and his plea of guilty did not amount to a waiver of the privilege. Petitioner Calderon could not waive the privilege because he had no knowledge of his right against self-incrimination under the *Leary* opinion, since *Leary* had not been decided. As Judge Wisdom points out in United States v. Lucia, *supra,* "If one of the component waivers was ineffective because of the inadequate knowledge upon which it was made, the defect is not cured by virtue of the fact that the waiver was made implicitly, as part of a guilty plea." (416 F.2d at page 923).

4. The cases of Leary v. United States and United States v. Covington,

*supra,* should be applied retroactively. Considerations similar to those which impelled the court in United States v. Lucia, *supra,* to apply the *Marchetti* and *Grosso* decisions retroactively are compelling in this case.

It is therefore the Order of this Court that Petitioner's motion pursuant to 28 U.S.C. Section 2255 be granted and the judgment of the Court in CR–7–88 is vacated and set aside and the Petitioner is ordered discharged unless an appeal is taken within sixty (60) days from the date of this judgment.