**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul BARSALOUX, Defendant-Appellant.**

**No. 28090**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1969.

Certiorari Denied March 9, 1970.

See 90 S.Ct. 1087.

Horace C. Hall, III, Hall & Juarez, Laredo, Tex. for appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Ronald J. Blask, Asst. U. S. Attys., Houston, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

Appellant Barsaloux was charged in a three count indictment with one, smuggling marihuana into the United States in violation of 21 U.S.C.A. § 176a; two, transporting illegally imported marihuana in violation of 21 U.S.C.A. § 176a; and three, transporting marihuana without having paid the transfer tax in violation of 26 U.S.C.A. § 4744(a) (2). On April 18, 1969, he was convicted on all three counts. On June 19, 1969 he received six year sentences on each count to be served concurrently. This appeal followed and we affirm.

The sole assignment of error presented is that the marihuana which formed the basis of the conviction was obtained in an illegal search and seizure. This contention is without merit. The search and seizure in question was of a

suitcase containing ten pounds of marihuana. It was the result of an investigation and sustained surveillance near the international border by Customs Agents. The record discloses that they had sufficient reason to believe that appellant was engaged in an effort to smuggle marihuana or narcotics into the United States.

Such border searches, under the statutory authority of 19 U.S.C.A. § 482, have long been measured by different criteria than ordinary searches. Morales v. United States, 5 Cir., 1967, 378 F.2d 187.

Appellant delivered the suitcase to the Trans Texas Airlines Terminal in Laredo, Texas for delivery to Chicago. This delivery was witnessed by a Customs Agent. Upon viewing the suitcase, he detected the odor of marihuana coming from the suitcase. The facts give rise to the inference that the suitcase might have been retrieved at the time by appellant or his associates. Such a search and the subsequent seizure without a warrant is constitutionally permissible. See Romero v. United States, 5 Cir. 1963, 318 F.2d 530. This ends the matter of the search and seizure.

In passing, we note that the concurrent sentence on count three of the indictment is imposed for violation of the statute which was held to have violated the defendant's right against self-incrimination in Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57. We pretermit discussion of any Fifth Amendment question regarding this count since no such question was raised in the district court nor has any such question been asserted here. Assuming *arguendo* its facial invalidity under *Leary*, there would still remain an issue as to waiver We rely on the concurrent sentence doctrine of Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774, in pretermitting consideration of count three. This doctrine which rests on judicial convenience is viable under Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. Cf. United States v. Laite, 5 Cir., 1969, 418 F.2d 576. There is no constitutional infirmity in the statute involved in counts one and two and absent a showing of some specific detriment accruing under the concurrent sentence on count three, no good purpose would be served by reaching the *Leary* question.

Affirmed.