**Raul V. CASTANO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 26381.

United States Court of Appeals,
Fifth Circuit.

May 7, 1970.

Raul V. Castano pro se.

Seagel V. Wheatley, U. S. Atty., Western District of Texas, Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and PITTMAN, District Judge.

PER CURIAM:

Raul V. Castano was convicted, on his guilty plea, of violating 26 U.S.C. § 4755(a) (1) which prohibits certain activity by unregistered dealers in marihuana. He moved the district court to vacate the resulting sentence pursuant to 28 U.S.C. § 2255. In support of his motion, Castano contended that § 4755(a) (1) as well as the underlying taxing and registration provisions of 26 U.S.C. §§ 4751–4753 were unconstitutional in light of the Supreme Court's decisions in Marchetti v. United States,[1] Grosso v. United States,[2] and Haynes v. United States.[3] In denying relief, the district court relied on the decisions of this court and particularly our decision in Leary v. United States.[4] Castano appeals from this denial.

Since the decision by the district court, the Supreme Court has reversed *Leary*.[5] While the Court did not directly consider the "occupational tax" provisions of §§ 4751–4753 or § 4755(a) (1), its determination that a timely assertion of the privilege against self-incrimination is a complete defense to prosecution under 26 U.S.C. § 4744(a) (2) may support Castano's argument. If so, it remains to be determined whether the present 2255 motion constitutes a timely

1. 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

2. 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

3. 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

4. 383 F.2d 851 (5th Cir. 1967), rehearing denied, 392 F.2d 220 (1968).

5. 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed. 2d 57 (1969).

assertion of the privilege on the facts of the instant case.[6] Apart from *Leary,* there have been other recent decisions touching on the question presented by Castano's motion.[7]

The order of the district court is reversed and the case remanded for consideration in light of these recent decisions.

Reversed and remanded.

PITTMAN, District Judge (dissenting in part):

I dissent from the majority holding " * * * the 'occupational tax' provision of §§ 4751–4753 or § 4755(a) (1), its determination that a timely assertion of the privilege against self-incrimination is a complete defense to prosecution under 26 U.S.C. § 4744(a) (2) *may* support Castano's argument." (Emphasis added.)

I would hold the privilege against self-incrimination is not a defense in this case. The defendant was convicted on a guilty plea of violation of 26 U.S.C. § 4755(a) (1) prohibiting certain activities by unregistered dealers in marihuana. The remanding to trial court is unnecessary, and the case should be affirmed.

I do not think every affirmative act required by regulatory, taxing, licensing, etc., laws is a violation of the Fifth Amendment. I do not believe the extension of the protection of the Fifth Amendment here is justified.

I am constrained to state that there should not be an extension of the protection of the Fifth Amendment in this

area beyond cases wherein the factual situation and the statutes under consideration are parallel with existing decisions or the legal conclusions are clear and compelling. There appears to me to be clear distinctions in the requirements of the Marihuana Act under consideration, 26 U.S.C. § 4755(a) (1), from 26 U.S.C. § 4744(a) (2) in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57, as well as equally clear distinctions from the acts considered in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923.

The Supreme Court has recognized distinctions and not extended the protection of the Fifth Amendment to all affirmative acts of a defendant. In *Grosso,* supra, distinctions were noted between the United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (income tax returns) (1927), and Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 ("required records") (1948).

Further distinctions were recognized in Minor v. United States, and Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283, a Narcotics Act case, 26 U.S.C. § 4705(a), and the Marihuana Tax Act in question, respectively, but a different section, § 4742(a).

This Circuit Court has recognized distinctions between *Marchetti, Grosso,* and *Haynes* and certain Internal Revenue cases concerning alcoholic beverages. Thornburg v. United States, 406 F.2d

---

6. The district court made no findings regarding waiver. The government contends that the instant 2255 motion is to be distinguished from the direct appeal in *Leary.* It urges that Castano's guilty plea was an intelligent compromise following a mistrial on an indictment charging violation of 21 U.S.C. § 176a, as well as 26 U.S.C. § 4755(a) (1). We consider it proper for the district court to make the initial determination after the facts have been fully developed. If review is

then necessary, it may be had with the facts of the case clearly presented. See Grant v. United States, 424 F.2d 273 (5th Cir.) [1970].

7. *Cf.* Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969); United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969); United States v. Lucia, 416 F.2d 920 (5th Cir. 1969), modified, 423 F.2d 697 [1970].

1060 (5th Cir., 1969) (unregistered distillery), Wilson v. United States, 409 F. 2d 604 (5th Cir., 1969) (unregistered distillery).

The Eighth Judicial Circuit in United States v. Young, 8 Cir., 422 F.2d 302, considered the sections of the Marihuana Tax Act here in question, 26 U.S.C. § 4755, but part (b) rather than (a), and stated it was not under the protection of the Fifth Amendment.

The recent *Leary* case, supra, is readily distinguishable from the case sub judice. There, an entirely different section charging entirely different offenses was considered, i. e., transporting and concealing marihuana without having paid the transfer tax imposed, 26 U.S.C. § 4741, thereby violating 26 U.S.C. § 4744(a) (2).[1]

Leary admittedly had not paid the occupational tax under § 4751 or registered under § 4753. Consequently, if Leary could be required to pay the transfer tax and to obtain the order form, he would have to identify himself not only as a transferee of marihuana, but also as a transferee who had not registered and paid the occupational tax. This is because the amount of transfer tax to be paid depended on whether or not §§ 4751 and 4753 had been complied with, i. e., $1.00 if there was compliance, $100.00 otherwise. At p. 18 of 395 U.S., at p. 1539 of 89 S.Ct. in *Leary,* supra, the court stated "[s]ince *compliance* with the *transfer tax provisions* would have required petitioner unmistakably to *identify himself* as a member of this '*selective*' and '*suspect*' group, we can only decide that when read according to their terms these provisions created a 'real and appreciable' hazard of incrimination." (Emphasis added.)

Such selectivity is not present in the case sub judice under the provisions of the occupational and registration tax requirements of §§ 4751 and 4753. These sections included a larger class of legitimate registrants. Here, *there is lacking the selective group inherently suspect of criminal activities.* Neither the order form required under § 4742 nor the presumptive evidence of guilt in § 4744(a) is present in § 4755(a) (1).

In United States v. Young, supra, C.A. 8, the statute under attack was 26 U.S. C. § 4755(b).[2]

In the case sub judice we are concerned with (a) of the same statute and section which prohibits the importing, etc., of marihuana unless §§ 4751 and 4753 are complied with. § 4755(b), considered in *Young,* prohibits the transportation of marihuana unless §§ 4751 and 4753 are complied with. The essential difference between §§ 4755(a) and 4755(b) is the activity regulated.

In *Young,* the defendant was convicted of conspiring to violate § 4755(b). Young, on appeal, argued that this section was violative of the Fifth Amendment in the same manner that § 4744(a) (2) was found constitutionally deficient in the *Leary* case.

The Eighth Circuit did not agree:

"Section 4755(b) is a flat proscription against the interstate transportation of marihuana, but it is neither applicable to those persons who have registered and paid the special tax required by §§ 4751–4753 inclusive, nor to certain other legitimate holders, dispensers or carriers as set forth in the statute. * * * § 4755 in no way requires registration. 'In fact, there is strong support in the legislative history for the proposition that illicit consumers of marihuana * * * are not entitled to register.' Leary v. United States, supra 395 U.S. at 24 n. 38, 89 S.Ct. at 1541. * * * Since defendant Young was not entitled to register he could not be incriminated by a disclosure obligation which did not apply to him. * * *

---

1. *Leary* was also charged with violation of 21 U.S.C. § 176a (smuggling marihuana). That charge is not relevant to the problems here.

2. The court held the defendant was entitled to the protection of the Fifth Amendment in Count II since it was governed by *Leary.*

"Furthermore, even if it were found that a § 4755(b) conviction is really a conviction for failing to register and pay the special tax required by §§ 4751–4753 and that those involved in illicit marihuana activity could register, registration under § 4753 is not necessarily incriminating. *There can be and are legitimate registrants* such as physicians, veterinarians * * * and certain importers, *which distinguishes § 4753 from the constitutionally impermissable registration sections condemned* in Marchetti, Grosso, and Haynes. The * * * section * * * thus is *not* directed principally *against* an *inherently suspect* group * * *." (Emphasis added.)

This rationale as applied to § 4755(b) is equally persuasive as to § 4755(a), and the theory used in upholding § 4753 is directly in point on § 4751. § 4751 simply is not directed towards a *selective group inherently suspect of criminal* activities.

Upon analysis of *Haynes* and *Marchetti*, I find certain distinctions as follows:

In *Haynes*, the defendant was charged with, and pleaded guilty to, a violation of 26 U.S.C. § 5851, making it " * * * unlawful to * * * possess any firearm * * * transferred * * * which has not been registered as required by § 5841." Section 5841 begins "Every person possessing a firearm shall register * * *", but note the limiting effect of the language concerning this requirement that follows: *"No person shall be required to register * * * a firearm * * * acquired by transfer * * * if provisions* [re] * * * *transfer* * * * were *complied with."* (Emphasis added.) [3]

Those who have complied with the regulations concerning transfer, etc., need not register. Stated another way, *only those who have not complied with those provisions must register.*

Therefore, to have registered under § 5841 would have instantly spotlighted Haynes as a violator. Consequently, the failure to register under § 5841 was the gravamen of the offense under § 5851. When the Court struck down § 5841 as being violative of the Fifth Amendment, § 5851 was disarmed.

In the case sub judice, Castano was convicted of violating 26 U.S.C. § 4755(a) (1) which makes it unlawful to import, deal in, etc. marihuana without having: (a) paid an occupational tax under § 4751 and (b) upon such payment registered his name, etc. under § 4753.

§ 4751 imposes a tax on "Every person who imports * * * deals in * * * marihuana * * *." The amount of the tax is determined by which of the six categories a person falls in, § 4751(1)–(6). The significant distinction here is that *everyone* is taxed and *everyone* must register under § 4753. [4]

In *Haynes*, 26 U.S.C. § 5841 required registration by only certain *inherently suspect* persons. Had Castano complied with § 4751 and paid the occupational tax and then, as required, registered as one who has paid the occupational tax, he would not have incriminated himself. He is not automatically included in a *highly selective group inherently suspect of criminal activities.* Even though he must pay the tax and register, so must all the other categories of persons. Everyone who imports, deals in, etc., falls into one of the six groups.

The amount of tax required to be paid under § 4751 as contrasted to the amount of tax paid in the various firearms tax sections is noteworthy. The firearm tax sections generally levied a tax of $5.00 and $25.00 except for the *sawed off shotguns*, etc. which carried, generally, a tax of $200.00. (See §§

---

3. For the transfer tax provision see § 5811.

4. § 4753(a) "Any person subject to the tax imposed by section 4751 shall * * * register * * *."

5821 and 5811.) The statute zeroed in on sawed off shotguns, etc. [especially dangerous weapons]. In the sections here under consideration, the highest occupational tax is $24.00 which is for importers, manufacturers, and compounders. Of the other five groups, the highest tax is $3.00.

*Marchetti* and *Grosso* both dealt with an occupational tax. *Marchetti* considered registration in addition, and *Grosso* also considered an excise tax. Only *Marchetti* will be analyzed.

Marchetti was convicted of violating 26 U.S.C. §§ 4411 and 4412, for a failure to pay the annual occupational tax and failure to register as one engaged in the business of accepting wagers. The occupational tax is $50.00.

26 U.S.C. § 6107 provides prosecuting officers may obtain a listing from I.R.S. of those who have paid the occupational tax. To comply with the registration and occupational tax provisions would have immediately placed Marchetti in that *selective group inherently suspect of criminal activities.*

As a self-professed gambler, he immediately earmarks himself with criminal activity. Gambling is illegal and is widely prohibited under both Federal and State law.

Compliance with the marihuana occupational tax, § 4751, and registration, § 4753, does not produce the same result.

Does a physician, dentist or other practitioner who pays the occupational tax required of him under § 4751(3) fall into the _inherently suspect_ group? What about the other five groups articulated in § 4751? All who deal in marihuana, and many may do so legally, are required to pay the tax and register. Unlike those who pay occupational tax under the wagering laws, the marihuana violator only includes himself in a larger group of otherwise legal dealers when he pays the occupational tax and registers pursuant to §§ 4751 and 4753. The wagering registrant is _not_ included in a group of otherwise legal wagerers.