Henry THOMAS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 29190

Summary Calendar.*

United States Court of Appeals
Fifth Circuit.

Aug. 20, 1970.

Rehearing Denied and Rehearing En
Banc Denied Oct. 5, 1970.

Henry Thomas, pro se.

Gerald J. Gallinghouse, U. S. Atty., George P. Hand, Jr., Asst. U. S. Atty., Richard M. Olsen, Asst. U. S. Atty., New Orleans, La., for the United States.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the motion of a federal convict to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

On March 26, 1951, appellant was convicted of obtaining marijuana without paying the transfer tax, a violation of 26 U.S.C. § 2593(a), now 26 U.S.C. § 4744 (a). He was sentenced to 18 months imprisonment which has been served.

On January 27, 1966, appellant was convicted by a jury on a two-count indictment of selling narcotics not in or from the original stamped package and of selling narcotics without a written order form from the buyer, violations of 26 U.S.C. §§ 4704(a) and 4705(a). He was sentenced on February 2, 1966, as a second offender to concurrent terms of 5 years and 10 years.

In his motion to vacate sentence, appellant contends that his 1951 conviction was unconstitutional under Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, and United States v. Covington, 1969, 395 U.S. 57, 89 S.Ct.

* Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1559, 23 L.Ed.2d 94, and was therefore an invalid basis for a second offender sentence. The district court denied relief without an evidentiary hearing.

 Selling narcotics not in or from the original stamped package is punishable by imprisonment for 2 to 10 years for a first offender and 5 to 20 years for a second offender under 26 U.S.C. § 7237(a). Appellant was sentenced to five years imprisonment. Selling narcotics without a written order is punishable by 5 to 20 years imprisonment for a first offender and 10 to 40 years for a second offender under 26 U.S.C. § 7237 (b). Appellant was sentenced to ten years imprisonment on this count. Even if appellant's first convictions were invalid under *Leary*, his sentences are well within the maximum provided for a first offender, and as these sentences were made to run concurrently, it is unnecessary to consider the *Leary* question, as there is no specific detriment to the appellant here. See United States v. Barsaloux, 5 Cir., 1969, 419 F.2d 1299.

The judgment below is

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

In his Petition for Rehearing En Banc, appellant contends that he had been granted an extension of time to file a brief in reply to the Government's brief until August 30, 1970, but that this Court issued its opinion on August 20th without the aid of his reply brief. A search of the clerk's records fails to establish that an extension of time to file a reply brief was granted, and appellant has not provided us with a copy of any notification from the clerk that an extension had been granted.

Nevertheless, we have reconsidered the matters raised in the reply brief, and, having done so, we remain steadfast in the conclusions reached in our opinion of August 20, 1970.

Accordingly, the Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.