**Michael A. CARRION, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 72–2326.**

United States District Court,
C. D. California.

Nov. 2, 1972.

Michael A. Carrion, in pro. per.

William D. Keller, U. S. Atty., for respondent.

ORDER DENYING MOTION TO VACATE AND SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255

HAUK, District Judge.

The petitioner alleges that he is incarcerated at the Federal Correctional Institution, Lompoc, California, for "acquiring marijuana without having paid the transfer tax" but gives us no further details.

The files of this Court in 3462–CD reveal that the petitioner was charged by Information with Illegal Acquisition of Marijuana in violation of 26 U.S.C. § 4744(a), and with Bail Jumping in viola-

tion of 18 U.S.C. § 3150. On March 4, 1969, he entered pleas of guilty to both charges, and on March 31, 1969, the imposition of sentence was suspended, and Carrion was placed on probation for 3 years.

Subsequently, after hearing, Carrion was found to have violated the terms of his probation in that he had violated State law and was convicted for possession of marijuana, and also in that he had violated Federal law and was convicted for conspiring to smuggle marijuana and had been sentenced on June 21, 1971 to serve 5 years.[1] On August 13, 1971, probation was revoked in case No. 3462–CD, and Carrion was sentenced to serve 7 years, such sentence to be concurrent with the 5-year sentence imposed on the other Federal charge on June 21, 1971. The revocation of probation was affirmed on appeal. United States v. Carrion, 457 F.2d 808 (9th Cir. 1972).

Petitioner contends that the Marijuana Tax Act denies him the right to assert the privilege against self-incrimination, and that his conviction must now be reversed because of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and various other cases. He claims that a guilty plea entered when he could not know of a defense was not a waiver of that defense.

 Petitioner cites many cases in his attempt to show the invalidity of his conviction, but they are inapposite. Contrary to his belief, the Supreme Court did not in Leary, supra, strike down the Marijuana Tax Statute [26 U.S.C. § 4741(a)] as unconstitutional. A companion case, United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), declared that the presumption contained in the section here involved [26 U.S.C. § 4744(a)] violated the privilege against self-incrimination. The Fifth Amendment would be a complete defense but in a plea of guilty where the presumption is not used, this plea can constitute an affirmative waiver of the right to assert such a defense. United States v. Weber, 429 F.2d 148 (9th Cir. 1970). Since the statute itself is not unconstitutional on its face, "having entered a plea of guilty to a charge of violating the statute, he cannot now assert that the statute was unconstitutional as applied to him." Shaffer v. United States, 435 F.2d 168 (9th Cir. 1970).

There is no claim that the plea was coerced and thus invalid as an involuntary act. Petitioner might have been influenced by the strength of the case against him and the hope of possible leniency if he pleaded guilty. He was facing potential prison terms of 10 years and fines up to $15,000, and it is clear that the guilty plea was entered with the hope of getting probation, as shown by his letter written March 13, 1969, while awaiting sentence, in which he admitted the offense and sought leniency. The hope of probation was realized. Nevertheless, the petitioner still is incarcerated by virtue of his conviction in Case No. 7636–CD for violating 18 U.S.C. § 3150, for which the penalty is up to 5 years or $5000 or both.

The court does not see any merit in the present attack on the conviction in Case No. 3462–CD under 26 U.S.C. § 4744(a). The recent trilogy makes it plain that the United States Supreme Court recognizes the presumptive validity of a guilty plea entered by a counselled defendant in the hope of receiving a less severe penalty, even though counsel may have been in error about the possibility of a defense.

" . . . [A]bsent misrepresentation or other impermissible conduct by state agents . . . , a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."

1. This subsequent conviction in Case number 7636–CD for conspiracy to smuggle marijuana was affirmed recently on appeal. United States v. Carrion, 463 F.2d 704 (9th Cir. 1972).

Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970). See also McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970) and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

The Petition, files and records conclusively show that Petitioner is entitled to no relief, and no hearing is necessary. 28 U.S.C. § 2255.