# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2009

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Michael Lehman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 12, 2021
Filed: August 10, 2021

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

GRASZ, Circuit Judge.

A jury convicted Joshua Lehman of making false statements to licensed firearms dealers, in violation of 18 U.S.C. § 924(a)(1)(A). Prior to trial, the district court[1] denied Lehman's motion to dismiss the charges on Second Amendment

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

grounds. On appeal, Lehman argues the district court erred by denying his motion to dismiss because he has a Second Amendment right to possess a firearm. More specifically, Lehman argues § 924(a)(1) is unconstitutional as applied to him because it conditioned the purchase of a firearm on a statement regarding his prior involuntary commitment to a mental institution. Lehman, however, failed to raise an as-applied challenge in the district court, and he therefore forfeited his claim. There was no plain error in denying the motion to dismiss, so we affirm.

## I. Background

Lehman's conviction arises from two separate attempts to purchase firearms after he had been involuntarily committed. In March 2017, a state court ordered Lehman to undergo involuntary detention and mental health treatment based on his treating psychiatrist's application and a finding Lehman was a danger to himself or others.

In December 2017, Lehman went to a federally licensed firearms dealer to purchase a firearm. While there, he completed a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473. ATF Form 4473 asks whether the applicant had "ever been committed to a mental institution." After Lehman marked "yes" on the form, the business owner explained he could not sell Lehman a firearm. The two discussed the question and the form's definitions, then Lehman indicated he had self-committed, rather than being forcibly committed, so he changed his answer on the form to "no." Lehman signed and dated the form. The National Instant Criminal Background Check System ("NICS") immediately denied Lehman authorization to purchase a firearm. Lehman appealed the denial. Lehman received a response from the Department of Justice explaining, "Your transaction's prohibition is under [18 U.S.C. §] 922(g)(4): 'A person . . . who has been committed to a mental institution.'" The letter clarified, "please note that your agreement to the entry of any such order, ruling, or finding would not make the 18 U.S.C. § 922(g)(4) prohibitor invalid."

In February 2018, after receiving the response to his NICS appeal, Lehman went to a different federally licensed firearms dealer to purchase a firearm and completed another ATF Form 4473. On the second form, Lehman answered "no" to whether the applicant had "ever been committed to a mental institution." NICS again denied Lehman authorization to purchase a firearm.

The government charged Lehman with knowingly making a false statement to a licensed firearms dealer by, on two occasions, executing ATF Form 4473 to falsely indicate he had not been committed to a mental institution. Prior to trial, Lehman moved to dismiss the charges on the ground the "ATF Form 4473 is a violation of the 2nd Amendment and should be ignored." The district court denied the motion, explaining: "I believe that *Heller*, the Supreme Court case regarding the Second Amendment, is pretty broad and that there can be appropriate limitation. Until the court above me tells me that this is not a proper limitation, then I am to presume that it is."

After the ruling, trial proceeded, and the jury convicted Lehman of both charges. The district court sentenced Lehman to concurrent terms of 18 months of imprisonment. Lehman appeals the district court's denial of his motion to dismiss, arguing § 924(a)(1)(A) unconstitutionally violates the Second Amendment as applied to him because it conditioned the purchase of a firearm on a statement regarding his prior commitment to a mental institution.

## II. Discussion

Under the Second Amendment: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. This includes "the right to keep and bear arms for the purpose of self-defense." *McDonald v. City of Chicago*, 561 U.S. 742, 749–50 (2010). Nevertheless, "the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). The Supreme Court cautioned that "nothing in [the *Heller*] opinion should be taken to cast doubt

on longstanding prohibitions on the possession of firearms by felons and the mentally ill, . . . or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626–27 & n.26 (identifying a non-exhaustive list of "presumptively lawful regulatory measures").

"An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional 'on the facts of the particular case.'" *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (quoting *Sanjour v. EPA*, 56 F.3d 85, 92 n.10 (D.C. Cir. 1995)). The challenge is not "that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id.* (quoting *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010)). Accordingly, "to succeed on an as-applied challenge, [a defendant] must establish (1) that the Second Amendment protects his particular conduct, and (2) that his [particular prohibitor] is insufficient to justify the challenged regulation of Second Amendment rights." *Id.*

Lehman failed to raise an as-applied challenge before the district court. Moreover, Lehman continues to argue the ATF Form 4473, itself, "[b]y preconditioning the purchase of a firearm on a statement regarding [his] prior involuntary commitment[,]" violates his Second Amendment right to possess a firearm. However, because a conviction under § 924(a)(1)(A) requires only that a defendant knowingly make a false statement with respect to information that the law requires a federally licensed firearms dealer to keep, Lehman's relevant conduct is knowingly making a false statement. Lehman never argued the Second Amendment protects his knowingly making a false statement on the ATF Form 4473. Therefore, Lehman forfeited his as-applied challenge by failing to properly raise it.

"To obtain relief on a forfeited claim, . . . [a defendant] must show that the district court made an obvious error that affected substantial rights and seriously affected the fairness, integrity, or reputation of the judicial proceedings." *Adams*, 914 F.3d at 606 (citing *United States v. Olano*, 507 U.S. 725, 734–36 (1993)). It is far from plain or obvious that the Second Amendment protects Lehman's conduct—

-4-

making a false statement or disregarding the ATF Form 4473 to obtain a firearm. Therefore, his as-applied challenge to § 924(a)(1)(A) fails under the plain error standard. We need not address, therefore, whether Lehman's prior commitment to a mental institution was sufficient to justify disqualifying him from enjoying rights guaranteed under the Second Amendment.

## III. Conclusion

The judgment of the district court is affirmed.

_____