# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1651
_____

United States of America

*Plaintiff - Appellee*

v.

Lamel Yancey

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: November 17, 2023
Filed: January 29, 2024
[Unpublished]
_____

Before COLLOTON, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Lamel Yancey pled guilty to receipt of a firearm while under felony indictment, in violation of 18 U.S.C. § 922(n), after the district court[1] denied his motion to dismiss the indictment. He was sentenced to 46 months' imprisonment

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

and 3 years of supervised release and now appeals.  Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

Detectives were surveilling Yancey and his brother, both of whom were suspected in a recent shooting, at an apartment complex in Little Rock, Arkansas. The men left an apartment and entered the back seat of a car, driven by a woman later identified as their mother.  Officers followed the car and initiated a traffic stop after observing the driver improperly change lanes on the interstate.  The officers found two firearms on the rear floorboard, one at Yancey's feet and the other at his brother's feet.  During a subsequent interview with a detective, Yancey admitted that he was out on bond and knew that he was not supposed to have a gun; at the time, he was under felony information in Arkansas for several offenses.  Yancey was then indicted for receipt of a firearm while under felony indictment, in violation of 18 U.S.C. § 922(n).  He moved to dismiss the indictment, arguing, as relevant here, that § 922(n) was unconstitutionally vague.  At a hearing on the motion to dismiss, the district court denied the motion, and Yancey subsequently pled guilty.  On appeal, he renews his vagueness argument and also raises for the first time that § 922(n) violates the Second Amendment in light of New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022).

## II.

Determining whether a statute is unconstitutionally vague involves a two-part analysis: first, "the statute must define the offense with sufficient definiteness to provide fair warning or adequate notice as to what conduct is prohibited," and second, "it must also define the offense in a manner that does not encourage arbitrary and discriminatory enforcement." United States v. Ghane, 673 F.3d 771, 777 (8th Cir. 2012).  "When reviewing for vagueness, we first determine if a statute is vague as applied to the defendant's conduct, and only if it is will we consider whether a statute is facially unconstitutional." United States v. Burgee, 988 F.3d 1054, 1060

(8th Cir. 2021). While we review vagueness claims de novo, Ghane, 673 F.3d at 777, "[w]e do not consider claims that a party fails 'meaningfully [to] develop or argue' on appeal," United States v. Ruzicka, 988 F.3d 997, 1006 (8th Cir. 2021) (second alteration in original) (citation omitted).

To determine whether § 922(n) is vague as applied to Yancey, "we look to whether [§ 922(n)] gave adequate warning, under a specific set of facts, that [Yancey's] behavior was a criminal offense." United States v. Palmer, 917 F.3d 1035, 1038-39 (8th Cir. 2019) (citation omitted). Section 922(n) prohibits "any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Yancey fails to articulate how § 922(n) is vague as applied to him. Rather, he suggests that because there are thousands of Arkansans facing criminal charges, the federal government could arbitrarily choose to charge any of those individuals under § 922(n) if they simply pick up a bullet. This is not an argument that the statute is vague as applied to him.[2] Because he fails to meaningfully develop his claim, we will not consider its merits.

## III.

Yancey also argues that § 922(n) violates his Second Amendment rights in light of Bruen. He forfeited this challenge by failing to raise it before the district court; we therefore review for plain error. United States v. Lehman, 8 F.4th 754, 757 (8th Cir. 2021) ("To obtain relief on a forfeited claim, . . . [a defendant] must show that the district court made an obvious error that affected substantial rights and seriously affected the fairness, integrity, or reputation of the judicial proceedings."

---

[2]To the extent Yancey argues that § 922(n) is overbroad rather than vague, we have previously explained that "[t]he overbreadth doctrine, under which a challenger may rely on the rights of others in situations not before the court, applies only in the limited context of the First Amendment." United States v. Adams, 914 F.3d 602, 607 (8th Cir. 2019).

(alterations in original) (citation omitted)). "It is far from plain or obvious that the Second Amendment protects [Yancey's] conduct." Id. Importantly, "[a]n asserted legal error does not meet this standard if the proposition is 'subject to reasonable dispute.'" Adams, 914 F.3d at 606 (citing Puckett v. United States, 556 U.S. 129, 135 (2009)). Yancey points to no controlling authority holding that § 922(n) violates the Second Amendment, and there is reasonable dispute in other courts concerning whether the Second Amendment protects the right for someone under felony indictment to carry a weapon. Compare, e.g., United States v. Kays, 624 F. Supp. 3d 1262, 1268 (W.D. Okla. 2022) (rejecting Second Amendment facial challenge to § 922(n)); and United States v. Bartucci, 658 F. Supp. 3d 794, 808 (E.D. Cal. 2023) (same); and United States v. Jackson, 661 F. Supp. 3d 392, 414-15 (D. Md. 2023) (rejecting facial and as-applied Second Amendment challenges to § 922(n)); with, e.g., United States v. Quiroz, 629 F. Supp. 3d 511, 527 (W.D. Tex. 2022) (finding § 922(n) violates Second Amendment as applied to defendant); and United States v. Stambaugh, 641 F. Supp. 3d 1185, 1193 (W.D. Okla. 2022) (same). Accordingly, we find no plain error on the part of the district court. See Ruzicka, 988 F.3d at 1009 (explaining that non-binding authority is insufficient to show a proposition is clear or obvious).

IV.

For these reasons, we affirm.

_____