**UNITED STATES of America,**
**Appellee,**

v.

**Jesse E. TURNBULL, also known as**
**Jesse E. Turnbough, Appellant.**

**No. 03–1633.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Sept. 8, 2003.

Filed: July 18, 2005.

William S. Margulis, argued, St. Louis, for appellant.

Allison Behrens, AUSA, argued, St. Louis, MO, for appellee.

Before MORRIS SHEPPARD ARNOLD, BEAM, and BYE, Circuit Judges.

PER CURIAM.

This case is before us on remand from the United States Supreme Court for further consideration in light of its decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker* held enhancements based upon judge-found facts under the mandatory federal Sentencing Guidelines violate the Sixth Amendment. To remedy the problem, the Supreme Court struck down the statutory provisions which made the Guidelines mandatory, the effect of which was to "make[ ] the Guidelines effectively advisory." *Id.* at 757.

In this case, Jesse Turnbull's fifty-one month sentence for being an unlawful user of controlled substances in possession of a firearm was based in part upon a mandatory enhancement which violated the Sixth Amendment. Specifically, the district court[1] found Turnbull possessed between eight and twenty-four firearms as part of the offense, triggering a four-level enhancement in Turnbull's offense level under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(1)(B). Turnbull never challenged the enhancement in the district court on Sixth Amendment grounds, however, and thus we review for plain error. *See* Fed.R.Crim.P. 52(b).

Under plain error review, Turnbull must show a "reasonable probability that he would have received a more favorable sen-

tence with the *Booker* error eliminated by making the Guidelines advisory." *United States v. Pirani*, 406 F.3d 543, 551 (8th Cir.2005) (en banc). We have reviewed the sentencing transcript and conclude Turnbull cannot show by a reasonable probability he would have received a more favorable sentence if the Guidelines were advisory. Although the district court sentenced him at the low end of the applicable guideline range, that fact standing alone is "insufficient ... to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the *Booker* error." *Id.* at 553.

Having found no plain error, we reinstate our prior opinion and once again affirm Turnbull's judgment of conviction and sentence in all respects.

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.