# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3578

_____

United States of America,         *
                                        *

        Appellee,         *

                                 *   Appeal from the United States

     v.                       *   District Court for the

                                 *   District of Nebraska.

Gailyn Bass,              *

                                 *   [UNPUBLISHED]

        Appellant.       *

_____

Submitted: March 3, 2005
Filed: January 27, 2006

_____

Before BYE, McMILLIAN[1], and RILEY, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court for further consideration in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005). "<u>Booker</u> held enhancements based upon judge-found facts under the mandatory federal Sentencing Guidelines violate the Sixth Amendment. To remedy the problem,

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to Eighth Circuit Rule 47E.

the Supreme Court struck down the statutory provisions which made the Guidelines mandatory, the effect of which was to 'make[ ] the Guidelines effectively advisory.'" United States v. Turnbull, 414 F.3d 942, 943 (8th Cir. 2005) (quoting Booker, 543 U.S. at ___, 125 S.Ct. at 757)).

In this case, Gailyn Bass's 210 month sentence was based in part upon judge-found facts regarding the amount of cocaine attributed to him under United States States Sentencing Guideline (U.S.S.G.) § 2D1.1. Bass, however, never brought a Sixth Amendment challenge to this aspect of his sentencing, and thus we review any Booker error for plain error only. See Fed. R. Crim. P. 52(b).

Under plain error review, Bass must show a "reasonable probability that he would have received a more favorable sentence with the Booker error eliminated by making the Guidelines advisory." United States v. Pirani, 406 F.3d 543, 551 (8th Cir. 2005) (en banc). We have reviewed the record in this matter and conclude Bass cannot show by a reasonable probability he would have received a more favorable sentence under an advisory Guideline regime.

Having found no plain error, we reaffirm Bass's judgment of conviction and sentence in all respects.

_____