# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1142
_____

United States of America

*Plaintiff - Appellee*

v.

Kyle Joseph Turner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: November 14, 2016
Filed: November 22, 2016
_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.
_____

MURPHY, Circuit Judge.

Kyle Joseph Turner pled guilty to one count of possession of a firearm and ammunition by an unlawful drug user in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), conditioned on his right to appeal the denial of his pretrial motion to dismiss. He argues on appeal that 18 U.S.C. § 922(g)(3) is unconstitutionally vague and that the district court made various sentencing errors. We remand for further proceedings.

## I.

On June 11, 2015 state corrections officer Steve Warner visited the home of Kyle Turner who was serving a state probationary sentence.  Turner told officer Warner that he had a shotgun in his possession.  Warner located the shotgun in Turner's bedroom next to some ammunition.  Later that day, Turner provided a urine sample that tested positive for methamphetamine.  He was thereafter indicted for possession of a firearm by an unlawful drug user in violation of 18 U.S.C. § 922(g)(3), specifically for possessing a firearm while being an "unlawful user of methamphetamine."

Turner filed a motion to dismiss the indictment.  He argued that § 922(g)(3) was unconstitutionally vague as applied to his conduct because his indictment failed to allege that he "engaged in regular use of methamphetamine."  The government responded that the motion to dismiss was premature because it turned on evidence that would be presented at trial.  The district court denied the motion, concluding that the indictment alleged sufficient facts to defeat Turner's vagueness challenge.  Turner subsequently entered a conditional guilty plea, reserving his right to appeal the denial of his motion to dismiss.  Turner's plea agreement stated that on June 11, 2015 he "was an unlawful user of methamphetamine."  The agreement further stated that on June 11, 2015 he had "tested positive for methamphetamine" and "admitted to using methamphetamine approximately one week prior."

After conditionally pleading guilty, Turner moved for reconsideration of the motion to dismiss.  Turner also requested an evidentiary hearing to introduce the documentary "evidence upon which [he] was indicted" and "upon which the plea was entered."  The government's opposing motion included additional exhibits that purportedly showed Turner's prior drug use. The district court once again denied the motion to dismiss, this time finding that the government's evidence established that

Turner had engaged in "regular drug use" at a time "overlapping his possession of a firearm." Turner was subsequently sentenced to 15 months imprisonment, and appeals, challenging both the denial of his motion to dismiss and his sentence.

## II.

Turner argues that the district erred in denying his motion to dismiss which raised the affirmative defense that 18 U.S.C. § 922(g)(3) was unconstitutionally vague as applied to the facts of his case. We review the denial of a motion to dismiss de novo. United States v. Huggans, 650 F.3d 1210, 1217 (8th Cir. 2011). A criminal statute is unconstitutionally vague in violation of the Fifth Amendment due process clause if it "fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." Johnson v. United States, 135 S. Ct. 2551, 2556 (2015).

Federal Rule of Criminal Procedure 12(b)(1) permits parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion is capable of pretrial determination "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity" of the motion. United States v. Covington, 395 U.S. 57, 60 (1969). The district court must rule on such a motion before trial unless there is "good cause to defer a ruling" and deferral will not "adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d).

We conclude that "a trial on the merits" was needed to decide Turner's pretrial motion to dismiss. As a preliminary matter, the parties dispute what evidence the district court could consider in making its ruling. Courts may consider evidence beyond the pleadings to make factual findings in pretrial orders. See United States v. Bloomfield, 40 F.3d 910, 913–15 (8th Cir. 1994) (en banc); see also Fed. R. Crim. P. 12(a) (defining "pleadings"). Indeed, Rule 12 contemplates that district courts may

-3-

sometimes make factual findings when ruling on pretrial motions and requires that the court "state its essential findings on the record." Fed. R. Crim. P. 12(d). Courts may not, however, make factual findings when an issue is "inevitably bound up with evidence about the alleged offense itself." United States v. Grimmett, 150 F.3d 958, 962 (8th Cir. 1998) (quoting United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994)). The relevant question is thus not what evidence the court relied upon in its ruling, but rather what type of factual finding it made.

The phrase "unlawful user of . . . any controlled substance" in 18 U.S.C. § 922(g)(3) is not defined by statute and "runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use." United States v. Turnball, 349 F.3d 558, 561 (8th Cir. 2003) (emphasis added), vacated, 543 U.S. 1099 (2005), reinstated, 414 F.3d 942 (8th Cir.) (per curiam). In order to rule on Turner's as applied constitutional challenge, the district court therefore had to determine whether he had engaged in "regular drug use" at the time he possessed the firearm. The "facts surrounding the commission of the alleged offense" would assist with that determination, and the contested defense therefore could not be ruled upon without a "trial on the merits." See Covington, 395 U.S. at 60; Fed. R. Crim. P. 12(b)(1).

We conclude that the district court erred by definitively ruling on the motion at that point instead of informing Turner that it would defer a ruling until trial. Pretrial motions should be ruled on unless there is "good cause to defer a ruling." Fed. R. Crim. P. 12(d). Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that "fall[] within the province of the ultimate finder of fact." United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994) (quoting United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986)).

-4-

Here, the district court could not rule on Turner's as applied constitutional challenge without resolving factual issues related to his alleged offense, such as the extent of his drug use, and therefore the court should have deferred ruling until trial. The court's premature ruling prejudiced Turner's ability to obtain appellate review of his constitutional challenge, for he conditionally pled guilty under his mistaken assumption that he could "have an appellate court review an adverse determination" of his motion to dismiss. See Fed. R. Crim. P. 11(a)(2). He could not have obtained such an adverse determination without proceeding to trial, however, and thus could not both plead guilty and obtain appellate review of his constitutional challenge. Had the district court informed Turner that it would have to defer a final ruling on his motion, Turner could have "move[d] to vacate [his] guilty plea[]" and "proceed[ed] to trial on the original charges." See Grimmett, 150 F.3d at 962. We remand for Turner to have the opportunity to consider this choice.[1]

III.

For the foregoing reasons, the district court order denying Turner's motion to dismiss is reversed, the judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.[2]

---

[1]Although a facial challenge to 18 U.S.C. § 922(g)(3) could be brought in a pretrial motion to dismiss, see United States v. Pope, 613 F.3d 1255, 1261 (10th Cir. 2010), a panel of our court has held that criminal statutes challenged on non First Amendment grounds are not amenable to facial attacks. See, e.g., United States v. Ghane, 673 F.3d 771, 777 (8th Cir. 2012); but see Johnson v. United States, 135 S. Ct. at 2261 (stating that the Supreme Court "holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp").

[2]Because of this disposition, it is not necessary to reach Turner's alternative sentencing arguments.