United States Court of Appeals

For the Eighth Circuit

_____

No. 24-1164

_____

United States of America

*Plaintiff - Appellee*

v.

Keshon Daveon Baxter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 15, 2025
Filed: February 5, 2025

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Keshon Baxter was charged with being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8). He moved to dismiss the charge, arguing that § 922(g)(3) violates the Second Amendment as applied to him and is unconstitutionally vague. The district court rejected both arguments pretrial. Baxter then pled guilty, preserving the right to appeal the district court's rulings, and now appeals. The opinion below does not

contain sufficient factual findings for this Court to review Baxter's as-applied Second Amendment challenge. However, we agree with the district court that Baxter's vagueness challenge fails. Thus, having jurisdiction under 28 U.S.C. § 1291, we affirm in part and reverse and remand in part.

I.

In May 2023, police encountered Baxter in downtown Des Moines, Iowa, and attempted to stop him, and he tried to flee. When they apprehended him, they searched Baxter and found a loaded pistol and a baggie of marijuana. The government charged Baxter with being an unlawful user of a controlled substance in possession of a firearm. Baxter filed a motion to dismiss, arguing both that § 922(g)(3) is unconstitutional in violation of the Second Amendment as applied to him[1] and that it is void for vagueness.

The district court denied the motion without holding a hearing on the matter. The court first rejected Baxter's Second Amendment argument, noting that the government had shown adequate historical analogues. The court further rejected Baxter's vagueness challenge because Baxter did not show the statute was vague *as applied to his conduct*. Baxter then entered a conditional guilty plea, preserving his right to appeal the court's order. On appeal, Baxter challenges both of the district court's rulings.

II.

Baxter first argues that the district court erred in denying his motion to dismiss on the grounds that § 922(g)(3) violates the Second Amendment as applied to him.

---

[1]Baxter does not explicitly assert a Second Amendment facial challenge, but he raised both facial and as-applied arguments in his brief. To the extent he brings a facial challenge, it is foreclosed by this Court's decision in United States v. Veasley. See 98 F.4th 906, 910 (8th Cir. 2024), cert. denied, No. 24-5089, 2024 WL 4427336 (U.S. Oct. 7, 2024) (rejecting a facial challenge to § 922(g)(3)).

Section 922(g)(3) prohibits anyone "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm. See 18 U.S.C. § 922(g)(3). The statute does not define "unlawful user," see id., and "[o]n its face, . . . [it] applies to everyone from the frail and elderly grandmother to regular users of a drug like PCP, which can induce violence." See Veasley, 98 F.4th at 910. Baxter does not contend "that [§ 922(g)(3)] is unconstitutional as written" or in all circumstances, but rather "that its application to a particular person under particular circumstances"—Baxter—"deprived [him] of a constitutional right." See United States v. Lehman, 8 F.4th 754, 757 (8th Cir. 2021).

When a regulation is challenged as unconstitutional under the Second Amendment, the Government bears the burden of "justify[ing] its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." N.Y. State Rifle & Pistol Ass'n., Inc. v. Bruen, 597 U.S. 1, 24 (2022). Baxter claims that "[b]y regulating citizens 'based on a pattern of drug use' without proof the individual is intoxicated at the time of possession, [§] 922(g)(3) is not consistent with our nation's history and tradition." Appellant Br. 11 (citation omitted). An as-applied Second Amendment challenge like this one "requires courts to examine a statute based on a defendant's individual circumstances." Veasley, 98 F.4th at 909. We review the constitutionality of a statute de novo. United States v. Seay, 620 F.3d 919, 923 (8th Cir. 2010).

Pretrial motions, like Baxter's motion to dismiss, are governed by Federal Rule of Criminal Procedure 12. Under this rule, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). As the Supreme Court has explained, this rule means that a court may rule on a pretrial motion "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." United States v. Covington, 395 U.S. 57, 60 (1969). However, the mere existence of factual issues in a pretrial motion does not preclude a pretrial ruling on the motion. See Fed. R. Crim. P. 12(d). Rather, the rule specifically "contemplates that district courts may sometimes make factual findings

when ruling on pretrial motions and requires that the court 'state its essential findings on the record.'" United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016) (quoting Fed. R. Crim. P. 12(d)). Thus, Rule 12 allows district courts to make some factual findings so long as it states them on the record, but not when an issue is "inevitably bound up with evidence about the alleged offense itself." Id. (citation omitted).

Here, the district court did not "state its essential findings on the record." See Fed. R. Crim. P. 12(d). The district court's two-paragraph "background" in its Order on Defendant's Motion to Dismiss briefly summarized some of the relevant facts but did not lay out the court's findings as to the extent and frequency of Baxter's drug use and the overlap of Baxter's drug use with his firearm possession. While the parties have pointed to some relevant facts from various portions of the record, they also acknowledged at oral argument that the district court did not make any factual findings as to the nature of Baxter's controlled substance use. This "underdeveloped record we have on appeal simply leaves us with too much 'guesswork'" for appellate review. See United States v. Bloomfield, 40 F.3d 910, 922 (8th Cir. 1994) (en banc) (McMillian, J., dissenting). Thus, we remand this case to the district court for the factual findings required under Rule 12(d).[2]

Proper application of Rule 12 on remand will also require the district court to determine whether this issue is appropriate for pretrial resolution. See Fed. R. Crim. P. 12(b)(1). If the district court determines that the relevant factual evidence is "undisputed in the sense that it is *agreed* to by the parties," pretrial resolution may be appropriate because "a trial of the general issue would serve no purpose." See United States v. Pope, 613 F.3d 1255, 1261 (10th Cir. 2010) (Gorsuch, J.). Furthermore, pretrial resolution may also be appropriate if the district court determines that it can decide the legal issues presented without making any factual

---

[2]When "'there can be no genuine dispute about how the trial court actually resolved the facts missing from its express findings,' an appellate court may affirm a decision based on incomplete findings." Bloomfield, 40 F.3d at 914 (majority opinion). Here, however, it is unclear what factual determinations the district court made and relied on in its decision.

findings. See, e.g., United States v. Connelly, 668 F. Supp. 3d 662, 668 (W.D. Tex. 2023) ("assum[ing] without deciding that the Government's drug use allegations are true" in order to "decide the legal issues presented without further factual findings"), aff'd in part, rev'd in part, 117 F.4th 269 (5th Cir. 2024). If, however, ruling on the as-applied challenge requires "resolving factual issues related to [Baxter's] alleged offense, such as the extent of his drug use," then resolution of the issue is likely improper before trial. See Turner, 842 F.3d at 605. We leave this question to the district court on remand and we take no position on whether Baxter's motion can properly be resolved without a trial.

If the district court determines that Rule 12 poses no bar to deciding Baxter's as-applied challenge, the court must then focus "only on [Baxter]: [I]s applying 'the regulation' to *his* conduct '[in]consistent with this Nation's historical tradition of firearm regulation'?" See Veasley, 98 F.4th at 909 (third alteration in original) (quoting Bruen, 597 U.S. at 17). In considering this question, the district court "may consider evidence beyond the pleadings to make factual findings" on the record. Turner, 842 F.3d at 605. If, however, the district court determines that Rule 12 precludes pretrial resolution of Baxter's Second Amendment challenge, the court should then provide Baxter the opportunity to move to withdraw his guilty plea and proceed to trial on the original charge. See id. at 605-06. Otherwise, Baxter would be prejudiced by the court's premature ruling because he conditionally pled guilty under the assumption that he could "have an appellate court review an adverse determination" of his motion to dismiss. See id. at 605 (quoting Fed. R. Crim. P. 11(a)(2)).

III.

Baxter next argues that § 922(g)(3) is unconstitutionally vague because the term "unlawful user" is undefined and vague. "We review void-for-vagueness challenges de novo." United States v. Burgee, 988 F.3d 1054, 1060 (8th Cir. 2021) (citation omitted).

"The Fifth Amendment guarantees every citizen the right to due process. Stemming from this guarantee is the concept that vague statutes are void." United States v. Cook, 782 F.3d 983, 987 (8th Cir. 2015) (citation omitted). A criminal statute is void for vagueness "if it fails to give ordinary people fair notice of the conduct it punishes or is so standardless that it invites arbitrary enforcement." United States v. Deng, 104 F.4th 1052, 1054 (8th Cir. 2024) (citation omitted). To win a vagueness challenge, Baxter "need not prove that § 922(g)(3) is vague in all its applications," but rather "that the statute is vague as applied to his particular conduct." United States v. Bramer, 832 F.3d 908, 909-10 (8th Cir. 2016) (per curiam). That is "because a defendant 'who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" Deng, 104 F.4th at 1054 (citation omitted).

Though the statute does not define "unlawful user," we have interpreted the term to require a "temporal nexus between the gun possession and regular drug use." See United States v. Carnes, 22 F.4th 743, 748 (8th Cir. 2022) (citation omitted). We have not defined "regular drug use," but we have upheld jury instructions stating that use of a controlled substance "is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct." Id. (emphasis omitted).

Here, Baxter's vagueness challenge fails. Though Baxter has presented broad arguments about the vagueness of the term "unlawful user" in § 922(g)(3), he has not carried his burden of presenting any argument for why the phrase is unconstitutionally "vague as applied to his particular conduct." See Bramer, 832 F.3d at 909. "Though it is plausible that the term[] 'unlawful user' of a controlled substance . . . could be unconstitutionally vague under some circumstances, [Baxter] does not argue, and has not shown, that [the] term is vague as applied to his particular conduct." Id. at 909-10. We therefore affirm the ruling of the district court as to Baxter's vagueness challenge.

## IV.

For the foregoing reasons, we affirm the district court's decision to reject Baxter's vagueness and facial Second Amendment challenges. We reverse the district court's ruling on Baxter's as-applied Second Amendment challenge and remand to the district court for further proceedings consistent with this opinion.

_____