United States Court of Appeals
For the Eighth Circuit

_____

No. 24-1496
_____

United States of America,

*Plaintiff - Appellee*,

v.

Jacqusyn Grubb,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Northern District of Iowa
_____

Submitted: February 13, 2025
Filed: April 21, 2025
_____

Before COLLOTON, Chief Judge, BENTON and STRAS, Circuit Judges.
_____

COLLOTON, Chief Judge.

A grand jury charged Jacqusyn Grubb with unlawful possession of a firearm as an unlawful user of a controlled substance. *See* 18 U.S.C. § 922(g)(3). Grubb moved to dismiss the indictment on the ground that the statutory prohibition violated his right under the Second Amendment as construed in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The district court denied the motion, but we

conclude that the ruling was premature because Grubb's challenge to the indictment could not properly be resolved without a trial on the merits. In light of our decision in *United States v. Turner*, 842 F.3d 602 (8th Cir. 2016), we remand the case so that Grubb may choose either to adhere to his guilty plea and forego appellate review or move to vacate his guilty plea and proceed to trial on the original charge.

Grubb moved to dismiss the indictment. He argued that § 922(g)(3) is unconstitutional on its face and as applied to him because the statute "should not apply to a person like [Grubb] who is a user of marijuana, and not a more addictive, dangerous controlled substance." The government responded that Grubb's as-applied challenge was "premature" because "the facts have not been fully developed."

The district court concluded that Grubb could not challenge the constitutionality of the statute as applied to him in a pretrial motion. The court ruled that the statute was constitutional on its face, but held in abeyance Grubb's as-applied challenge pending trial. The court rejected Grubb's request for an evidentiary hearing at which the government must put forth evidence that it would present at trial to facilitate a pretrial ruling on the motion to dismiss. The court explained that Grubb's proposal "would amount to a form of unauthorized discovery and the equivalent of a summary judgment proceeding" that is not available in criminal cases. The court determined that if Grubb sought to maintain an as-applied challenge to the statute, "then he must await presentation of evidence at trial."

Shortly thereafter, Grubb entered a conditional plea of guilty before a magistrate judge and reserved his right to appeal the denial of the motion to dismiss. The magistrate judge recommended that the district court accept the plea. Grubb stipulated to the bare minimum facts required to establish the elements of the offense. He did not "stipulate to the government's case." *Cf. post*, at 9.

The district court then reconsidered its initial ruling on the motion to dismiss and requested supplemental briefing on whether to resolve Grubb's motion before trial. The government argued that the court could not adjudicate an as-applied challenge to the statute without resolving factual issues related to the alleged offense, and that the court therefore must wait until trial to resolve the motion.

The district court ultimately concluded that because Grubb stipulated to facts that satisfied all elements of the offense, the court could resolve his challenge to the constitutionality of the statute as applied to him. The court noted, however, that the stipulated facts were "the bare minimum," and that no case from this circuit resolved a motion to dismiss "on such barebones facts in a plea agreement." The court stated its essential findings on the record, in accordance with Federal Rule of Criminal Procedure 12(d) and *United States v. Baxter*, 127 F.4th 1087, 1090-91 (8th Cir. 2025). The court then concluded that § 922(g)(3) was constitutional as applied to Grubb and denied the motion to dismiss the indictment. The court accepted Grubb's conditional guilty plea.

On appeal, Grubb argues that § 922(g)(3) is unconstitutional on its face and as applied to him. The facial challenge is foreclosed by precedent. *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010). On the as-applied challenge, the government responds that the district court should not have resolved the constitutional argument without a trial on the merits, but that the stipulated facts that formed the factual basis for the guilty plea were sufficient to defeat Grubb's challenge to the statute as applied to him.

Federal Rule of Criminal Procedure 12 governs pretrial motions in a criminal case. Rule 12(b)(1) provides that a party may raise by pretrial motion any defense that "the court can determine without a trial on the merits." Under Rule 12(d), the court must resolve every pretrial motion before trial "unless it finds good cause to defer a ruling" and deferral will not "adversely affect a party's right to appeal."

We conclude that a "trial on the merits" was needed to decide Grubb's pretrial motion to dismiss the indictment. There is no procedure in federal criminal cases equivalent to the motion for summary judgment in civil cases, and the government has no duty to reveal all of its proof before trial. *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995); *see* Fed. R. Crim. P. 16. Permitting summary judgment-like motions under Rule 12(b) "would enable an end-run around the calibrated framework for discovery in criminal cases." *United States v. Sampson*, 898 F.3d 270, 280 (2d Cir. 2018). Therefore, "Rule 12 permits pretrial resolution of a motion to dismiss the indictment only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). In considering a motion to dismiss, a district court may not "make factual findings when an issue is inevitably bound up with evidence about the alleged offense itself." *Turner*, 842 F.3d at 605 (internal quotation omitted).

If a district court "determines that the relevant factual evidence is 'undisputed in the sense that it is *agreed* to by the parties,' pretrial resolution may be appropriate because 'a trial of the general issue would serve no purpose.'" *Baxter*, 127 F.4th at 1091 (quoting *Pope*, 613 F.3d at 1261). But the government is not required to present its case in response to a motion to dismiss, and dismissal is not justified based on "the government's refusal to come forward with evidence to support its case in the face of a defendant who has presented his own proof." *Pope*, 613 F.3d at 1260. "To warrant dismissal, it must be clear from the parties' *agreed* representations about the facts surrounding the commission of the alleged offense that a trial of the general issue would serve no purpose." *Id*. at 1261. Unless the prosecution voluntarily presents the entirety of its evidence in response to a pretrial motion, the court cannot know the universe of additional facts that will be presented at trial and whether they will be disputed. *See Sampson*, 898 F.3d at 282 ("[O]ur research reveals—and the parties cite—no federal appellate case upholding the authority of a district court to

*require* the government, before trial, to make [a detailed presentation of the entirety of the evidence].").  There is no Second Amendment exception to Rule 12 or Rule 16 that compels the government to present its case in response to a pretrial motion or that authorizes summary judgment motions for a defendant claiming a right to bear arms.[1]

The scope of evidence required to determine a motion to dismiss a charge under § 922(g)(3) is unsettled.  This court has never reversed a conviction under § 922(g)(3) as a violation of a drug user's right to keep and bear arms under the Second Amendment.  The Supreme Court thus far has declined to review any case involving § 922(g)(3) and the Second Amendment.  But a few cases in other jurisdictions have held the statute unconstitutional as applied to particular defendants, and a panel of this court has hypothesized circumstances in which the statute would be unconstitutional under *Bruen*.  *United States v. Cooper*, 127 F.4th 1092, 1096 (8th Cir. 2025).

With considerable uncertainty in the law, the government is entitled at this juncture to make a fulsome record on facts surrounding the commission of the offense and any other facts that may be relevant to resolving a constitutional challenge to

---

[1]Decisions involving other constitutional rights follow the same rule.  In *United States v. Hobgood*, 868 F.3d 744 (8th Cir. 2017), *United States v. Cook*, 782 F.3d 983 (8th Cir. 2015), and *United States v. Anderson*, 759 F.3d 891 (8th Cir. 2014), this court resolved as-applied constitutional challenges raised in pretrial motions only where the government did not object to the sufficiency of the record and the parties agreed to the facts at issue.  868 F.3d at 893; 782 F.3d at 985; 759 F.3d at 746-47.  Those decisions do not support compelling the government to present its case in response to a pretrial motion or forcing resolution of a constitutional challenge on a preliminary record.  *See Turner*, 842 F.3d at 605 (holding that district court should have deferred ruling on constitutional vagueness challenge until trial); *United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir. 1997) (holding that district court's void-for-vagueness determination "should be based only the facts as they emerge at trial").  *Cf. post*, at 15.

§ 922(g)(3). The district court concluded that there was no "contested defense" that required a trial, because Grubb stipulated to the bare minimum facts that were necessary to establish the elements of the offense. But the contested defense in this case involves a constitutional challenge to the statute, not a defense to the elements of the charge. Because it is possible that the government may be required to establish additional facts beyond the unadorned elements to defeat a constitutional challenge, the court cannot say definitively that "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Covington*, 395 U.S. at 60. We thus conclude that the district court was correct in its initial ruling that if Grubb seeks to maintain an as-applied challenge to the constitutionality of § 922(g)(3), then he must await the presentation of evidence at trial. Of course, if the parties also seek to present evidence bearing on the constitutional question that is inadmissible at the trial of the charged offense, then the district court has mechanisms to receive that evidence outside the presence of a jury or separate from the trial of the charge.

In a similar situation, this court in *Turner* concluded that where a district court resolved a pretrial motion on the merits when it should have deferred a ruling until trial, the proper disposition of the defendant's appeal was a remand for further proceedings. 842 F.3d at 605-06. We explained that if the district court had informed the defendant that he could not both plead guilty and obtain appellate review of his constitutional challenge, then the defendant could have moved to withdraw his guilty plea and proceeded to trial on the original charge. *Turner* concluded that a remand was appropriate so that the defendant could consider this choice.

When Grubb entered his conditional guilty plea before the magistrate judge, the district court in its first decision had already informed Grubb that his as-applied challenge was premature, and that a ruling would have to await a trial. Grubb elected to plead guilty anyway, and the magistrate judge recommended acceptance. Yet the district court did not immediately accept the guilty plea, and Grubb was entitled to

-6-

change his mind and withdraw his plea for any reason or no reason until the court accepted the plea. Fed. R. Crim. P. 11(d)(1). Before the district court accepted the guilty plea, the court had reversed course, ordered supplemental briefing on the as-applied challenge, and ultimately ruled on the merits of the as-applied constitutional claim. As such, Grubb ended up in a situation comparable to that of the defendant in *Turner*, and we conclude that the same disposition is warranted.[2]

For these reasons, the district court's order denying Grubb's motion to dismiss is reversed, the judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

STRAS, Circuit Judge, concurring in the judgment.

What happens when a defendant conditionally pleads guilty after the district court denies a motion to dismiss the indictment? If the defendant "reserv[es] in writing the right to" appeal the issue, Fed. R. Crim. P. 11(a)(2), we address it unless contested facts needed to be resolved. Apparently not for Second Amendment challenges, however, which the court believes *must* presumptively be taken to trial or waived. I will not join any opinion treating the Second Amendment as a "second-class right, subject to an entirely different body of rules." *N.Y. State Rifle & Pistol*

---

[2]There is no "customary practice," *post*, at 16, that would require this panel to forego a timely resolution of this appeal simply because *United States v. Perez*, No. 24-1553, a case involving § 922(g)(3), was argued in January 2025. The briefs in *Perez* show that the case involves a challenge to a conviction after a jury trial and thus does not concern a motion under Rule 12 or withdrawal of a guilty plea under *Turner*. The cited comment of the presiding judge at oral argument in *Perez* suggested only that three panels hearing § 922(g)(3) cases in January 2025 may coordinate among themselves on "common issues." The other two panels filed decisions without waiting for *Perez*. The parties have not cited *Perez* as a related case or sought a stay. *Cf. post*, at 16 n.7 (citing orders granting motions to stay).

*Ass'n v. Bruen*, 597 U.S. 1, 70 (2022) (quoting *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010) (plurality opinion)). This one does, so I concur only in the judgment.

## I.

There is no dispute about the basic facts. Jacqusyn Grubb filed a timely motion to dismiss his indictment, which raised both facial and as-applied Second Amendment challenges to the drug-user-in-possession statute. *See* 18 U.S.C. § 922(g)(3). The district court immediately denied the first but initially deferred the as-applied challenge until trial. When Grubb decided to conditionally plead guilty and specifically reserved his ability to appeal the "issues raised" in the motion to dismiss, the district court changed its mind. *See* Fed. R. Crim. P. 11(a)(2). Based on the stipulated facts that he used marijuana and, during a traffic stop, was in possession of it and two pistols, the district court decided it had enough to deny the as-applied challenge.

## II.

Procedurally, Grubb and the district court did exactly as the Federal Rules of Criminal Procedure require. Rule 12 allows parties to raise "by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." *Id.* 12(b)(1). The court thought that there was no "good cause" to wait and decided the motion because the parties had stipulated to the necessary facts. *Id.* 12(d). Having lost his motion, Grubb reserved his right to appeal the denial, just as the rules contemplate. *See id.* 11(a)(2). That is presumably why the court made clear in the order that Grubb *had* "properly preserved his right to appeal th[e] order in the conditional plea, so there [was] no risk to his ability to obtain review of his motion" on appeal or otherwise. *See id.* 12(d).

## A.

The district court was right that a motion like this one can be resolved without "a trial on the merits" when the facts necessary to decide it are not "bound up" with evidence about the alleged offense. *United States v. Turner*, 842 F.3d 602, 604–05 (8th Cir. 2016) (citations omitted). Indeed, another panel just said so. *See United States v. Baxter*, 127 F.4th 1087, 1090 (8th Cir. 2025). In *Baxter*, we made clear that pretrial resolution "may be appropriate" when the facts are "undisputed in the sense that [they are] *agreed* to by the parties." *Id.* at 1091 (quoting *United States v. Pope*, 613 F.3d 1255, 1261 (10th Cir. 2010) (Gorsuch, J.)). Here, they were because Grubb stipulated to the government's case before the court accepted his guilty plea. In other cases, it might be the government seeking a quick decision, which could lead it to disclose what it expects to prove at trial to smooth the way for a guilty plea. And sometimes, as *Baxter* recognized, no factual findings are needed at all. *See id.*; *see, e.g.*, *United States v. Connelly*, 668 F. Supp. 3d 662, 668 (W.D. Tex. 2023) ("assum[ing] without deciding that the Government's drug[-]use allegations are true" so it could "decide the legal issues presented without further factual findings"), *aff'd in part, rev'd in part on other grounds*, 117 F.4th 269 (5th Cir. 2024).

As long as the court does not get ahead of the jury by resolving factual matters relating to the defendant's "guilt or innocence," *Pope*, 613 F.3d at 1259, the motion can and should be decided before trial. Absent "good cause," after all, district courts are not supposed to keep the parties waiting. Fed. R. Crim. P. 12(d).

## B.

Where the district court went wrong was how it approached the merits of Grubb's Second Amendment challenge. *See United States v. Cooper*, 127 F.4th 1092, 1094–95 (8th Cir. 2025). It seemed to assume that satisfaction of the elements of the

drug-user-in-possession statute was enough to overcome any Second Amendment problems.

The flaw in this approach is obvious. It is inconsistent with our recognition that *some* applications of the statute are unconstitutional. *See id.* at 1097 (involving the same district court); *United States v. Veasley*, 98 F.4th 906, 917–18 (8th Cir. 2024); *see also Bruen*, 597 U.S. at 38–39. Just knowing that the elements are satisfied makes clear that Grubb was a drug user and possessed a firearm, but not whether criminalizing his behavior is "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 24; *see Baxter*, 127 F.4th at 1091 (explaining that short-circuiting the analysis leaves appellate courts with an "underdeveloped record" that makes deciding the constitutional challenge all but impossible (citation omitted)). It cannot tell us, in other words, whether this is one of the constitutional or unconstitutional applications of the statute.

*Baxter* already provides direction on what to do when faced with an "underdeveloped record": "remand" to determine whether the "issue is appropriate for pretrial resolution," and if so, to make "the factual findings required under Rule 12(d)." 127 F.4th at 1091 (citation omitted). *Cooper* provides the relevant questions to ask once the case goes back. Did "using marijuana make [Grubb] act like someone who is 'both mentally ill and dangerous'"? *Cooper*, 127 F.4th at 1096 (quoting *Veasley*, 98 F.4th at 913). Did he "induce terror" or "pose a credible threat to the physical safety of others with a firearm"? *Id.* (first quoting *Veasley*, 98 F.4th at 918; and then quoting *United States v. Rahimi*, 602 U.S. 680, 700 (2024)).

Answering those questions will allow the district court to determine whether criminalizing Grubb's behavior was "consistent with the" Second Amendment. *Bruen*, 597 U.S. at 24. If a factual dispute about the charged offense gets in the way, then—and only then—will Grubb have to choose between taking a plea and

preserving his Second Amendment as-applied challenge by going to trial.  *See Turner*, 842 F.3d at 605–06; *see also Pope*, 613 F.3d at 1259.

III.

"Getting to the right answer [here] should not have been hard."  *United States v. Jackson*, 121 F.4th 656, 659 (8th Cir. 2024) (Stras, J., dissenting from denial of reh'g en banc).  *Baxter* provided the roadmap, *see* 127 F.4th at 1090–91, and it is our duty to follow it.  *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (citation omitted)).

Consider the similarities.  Both defendants filed timely pretrial motions to dismiss their indictments on the same ground: their prosecutions under the drug-user-in-possession statute, 18 U.S.C. § 922(g)(3), conflicted with the Second Amendment as applied to them.  *See Baxter*, 127 F.4th at 1090; Fed. R. Crim. P. 12(b)(1).  In each, the district court denied the motion before accepting the conditional guilty plea.[3]  *See Baxter*, 127 F.4th at 1089.  And both used almost identical language in their plea agreements to preserve their ability to appeal the denial of their motions to dismiss. *Compare* Conditional Plea Agreement, *United States v. Grubb*, No. 2:23-cr-01014 (N.D. Iowa Sept. 19, 2023) (stating that "the only issues reserved for appeal are the issues raised in defendant's Motion to Dismiss filed on August 11, 2023"), *with* Conditional Plea Agreement, *United States v. Baxter*, No. 4:23-cr-00108 (S.D. Iowa Sept. 27, 2023) ("preserv[ing] the right to appeal the Court's denial of Defendant's

---

[3]To be sure, Grubb signed his plea agreement before the district court decided his as-applied Second Amendment challenge.  It makes no difference, however, because the court did not accept either the agreement or the guilty plea until after it denied his motion to dismiss, just like in *Baxter*.  The court then assured Grubb, consistent with *Baxter*, that he had "properly preserved his right to appeal" the decision by entering a conditional guilty plea.

motion to dismiss entered on September 22, 2023"). There really is no need to do anything here but cite *Baxter* and remand for a determination of "whether th[e] issue is appropriate for pretrial resolution." *Baxter*, 127 F.4th at 1091; *see Mader*, 654 F.3d at 800.

Perhaps unhappy with *Baxter*'s guidance, the court says more—a whole lot more. In fact, it flips the script by holding that Grubb *must* go to trial to get an answer because, "[u]nless the prosecution voluntarily presents the entirety of its evidence," there is no telling what the "universe" of "facts surrounding the commission of the offense" might be. *Ante* at 4–5. *Baxter* says exactly the opposite. *See* 127 F.4th at 1091 ("[P]retrial resolution *may* be appropriate . . . ." (emphasis added)); *see also United States v. Adams*, 914 F.3d 602, 605–06 (8th Cir. 2019) (affirming the pretrial denial of a motion to dismiss the indictment based on undisputed facts about where and how the defendant possessed a firearm).

The court pays lip service to the idea that the defendant and the government could come to some sort of agreement on the facts, but rules out that option for Grubb. Then it ignores the very next line in *Baxter*, which recognizes that "the district court . . . can decide [some] legal issues . . . without making any factual findings." 127 F.4th at 1091. And it goes on to reject *Baxter*'s approach of leaving it to the "district court to determine" on remand whether it has enough to decide the challenge under *Cooper*, which was not available the first time around. *Id.* Even worse, it does so without explaining how or why the facts of Grubb's crime *are* so obviously "bound up" in his Second Amendment challenge that they *must* be tried. *Turner*, 842 F.3d at 605 (citation omitted).

Not to mention the court's approach conflicts with how we have dealt with pretrial challenges in the past. *See, e.g.*, *United States v. Hobgood*, 868 F.3d 744, 747 (8th Cir. 2017); *United States v. Cook*, 782 F.3d 983, 985–87 (8th Cir. 2015); *United States v. Anderson*, 759 F.3d 891, 893 (8th Cir. 2014). Our cases recognize that

criminal defendants must wait for an answer only if their constitutional challenge depends on *contesting* facts about the offense charged. *See Turner*, 842 F.3d at 605. If instead, as *Baxter* points out, Grubb were to argue that his prosecution violates the Second Amendment *notwithstanding* any disputed facts or stipulate to all the relevant facts to get a ruling on the motion to dismiss, "a trial . . . would serve no purpose." 127 F.4th at 1091 (quoting *Pope*, 613 F.3d at 1261); *see Adams*, 914 F.3d at 605–06. At that point, given that the burden of proof falls on the government to prove the constitutionality of the statute, *see Rahimi*, 602 U.S. at 691, *it* must convince the *district court* that it still needs a trial.[4]  *See Baxter*, 127 F.4th at 1091.

That is how things are supposed to work, but don't just take my word for it. District courts routinely deal with as-applied constitutional challenges in exactly this way, including those arising under the Second Amendment.[5]  Even if they could use

---

[4]The court's belief that a trial is almost always necessary may be an indication that it is still living in a pre-*Bruen* world. *See Bruen*, 597 U.S. at 70. Before *Bruen*, we had a test in this circuit that required the *defendant* to prove, "[a]t a minimum . . . that the Second Amendment protects his particular conduct." *Adams*, 914 F.3d at 605; *see United States v. Jackson*, 69 F.4th 495, 506 n.4 (8th Cir. 2023) (placing the burden on the defendant to show "that his prior felony conviction is insufficient to justify the" stripping of Second Amendment rights), *cert. granted, judgment vacated*, 144 S. Ct. 2710 (2024). If the focus is exclusively on the underlying conduct, rather than the historical analogues, then one may reach the erroneous conclusion that the Second Amendment right is exclusively tied to what the defendant did, the offense conduct itself. Post-*Bruen*, however, everything has changed. The *government* now bears the burden to prove that its *regulation* falls within the historical tradition, meaning that what matters most in an as-applied Second Amendment challenge is whether there are any historical analogues for the regulation, not whether the "particular conduct" is protected. *See Rahimi*, 602 U.S. at 691.

[5]*Compare United States v. Okello*, 688 F. Supp. 3d 905, 909 (D.S.D. 2023) (deciding as-applied Second Amendment and vagueness challenges to § 922(g)(3) before trial based on the allegations agreed to by the parties in their briefs), *and United States v. Harvey*, 609 F. Supp. 3d 759, 762 (D. Neb. 2022) (relying on

-13-

further guidance on the scope of the underlying right, they do not need us micromanaging when and how to decide pretrial motions. *See, e.g.*, *United States v. Robinson*, 2025 WL 777667, at *2 (N.D. Iowa Mar. 11, 2025) (deferring a Second Amendment as-applied challenge to a § 922(g)(3) charge until trial based on *Baxter* and *Cooper*). *Baxter* did not think so, and neither do I. *See Baxter*, 127 F.4th at 1091 (leaving it up to the *district court* on remand to determine whether Baxter's challenge can be addressed before trial).

The problems do not end there. Today's opinion opens a Pandora's box of practical difficulties. For example, when at trial will the government be able to present evidence on the relevant historical analogues? *Cf.* Fed. R. Evid. 401 (describing the standard for relevant evidence); *Cooper*, 127 F.4th at 1096 (allowing the government to raise any analogues we may have "missed"). How would it introduce evidence about the defendant's criminal history to prove that he is a danger to others? *See Cooper*, 127 F.4th at 1096; Fed. R. Evid. 404(b)(1) (prohibiting prior-bad-act evidence to prove a defendant's propensity for crime). And perhaps most problematic of all would be having the government present evidence that a defendant's drug use led him to act like someone who is mentally ill and dangerous. *See Cooper*, 127 F.4th at 1095; *see also Veasley*, 98 F.4th at 912. The evidence most relevant to a Second Amendment challenge, in other words, may be highly prejudicial and entirely irrelevant to a defendant's guilt or innocence on the charged offense. *See* Fed. R. Evid. 403 (excluding evidence when its "probative value is substantially outweighed" by a danger of "unfair prejudice"). Unless making it difficult is exactly the point, to discourage defendants from bringing as-applied Second Amendment challenges. *See* Fed. R. Crim. P. 12(b); *Baxter*, 127 F.4th at 1091; *Pope*, 613 F.3d at 1260.

---

uncontested facts to deny a Second Amendment challenge in a pretrial motion to dismiss), *with United States v. Wako*, 752 F. Supp. 3d 1112, 1119 (D.S.D. 2024) (holding a Second Amendment as-applied challenge until after trial because the factual issues were bound up with the offense.)

We do not treat other constitutional rights this way. Consider *United States v. Hobgood*, which involved a defendant who filed a pretrial motion to dismiss the indictment on the ground that his interstate-stalking prosecution violated the First Amendment. *See* 868 F.3d at 746. There, the district court denied his motion to dismiss the indictment based on *stipulated facts*, even though how he committed the charged offense was the central question. *See id.* His argument, after all, was that the internet messages he sent to an ex-girlfriend—the very facts underlying his conditional guilty plea—were protected First Amendment speech. *See id.* at 747.

*Hobgood* is by no means an outlier. In *United States v. Anderson*, we confronted another pretrial First Amendment challenge and concluded that a "morphed image"—one that had a minor's face superimposed onto an adult woman engaged in explicit sexual conduct—was not protected by the First Amendment. 759 F.3d at 893. Even though the image was the entire basis of the charge, meaning that "the facts surrounding the commission of the alleged offense" could have helped there too, *Turner*, 842 F.3d at 604 (citation omitted), we addressed the constitutional challenge and affirmed the conviction. *See Anderson*, 759 F.3d at 896. We have also approached a void-for-vagueness challenge much the same way based on nothing more than the facts alleged in the indictment.[6] *See Cook*, 782 F.3d at 985, 990. There should not be one set of rules for Second Amendment challenges and another for other constitutional rights. *See Bruen*, 597 U.S. at 70 (making clear that courts cannot "subject [Second Amendment challenges] to an entirely different body of rules").

---

[6]The same went for Second Amendment as-applied challenges, at least before today. *See Adams*, 914 F.3d at 605–06 (rejecting one following a conditional guilty plea after determining that "[i]t [was] not plain or obvious that the Second Amendment protect[ed] Adams's *conduct*" of "carry[ing] a concealed weapon in a vehicle" (emphasis added)).

IV.

One final point on procedure. This is not the only Second Amendment as-applied challenge to the drug-user-in-possession statute before us. In just the month before this case was argued, three separate panels heard one. Two have already finished their work and issued decisions. *See generally Baxter*, 127 F.4th at 1087; *Cooper*, 127 F.4th at 1092. The third told the parties at oral argument that they could expect "coordina[tion]" among the panels. *See* Oral Argument at 0:25–1:11, *United States v Perez*, No. 24-1553 (8th Cir. Jan. 16, 2025) (Loken, J.). That panel is not yet done. If we were just applying *Baxter*, I would not worry about skipping the queue because the *Perez* panel is just as bound by it as we are. But given that the court does more today, I think it would have been appropriate to follow our customary practice, which is to stay later-argued cases and let the first-in-time panel finish its work.[7] For that additional reason, I cannot join the court's opinion.

————————————————

---

[7]*See, e.g.*, Order Granting Motion to Stay, *Gilpin v. United States*, No. 23-1131 (8th Cir. Nov. 21, 2023) (holding the case in abeyance pending the court's decision in *United States v. Veasley*); Order, *United States v. Wilson*, No. 23-3014 (8th Cir. Feb. 28, 2024) (same); Order, *United States v. Smith*, No. 23-3570 (8th Cir. Feb. 21, 2024) (same); Order, *Clark v. United States*, No. 23-3104 (8th Cir. Dec. 14, 2023) (same).