# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1768
_____

United States of America,

*Plaintiff - Appellee*,

v.

Charees Loftin,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the District of Nebraska
_____

Submitted: February 14, 2025
Filed: April 21, 2025
_____

Before COLLOTON, Chief Judge, BENTON and STRAS, Circuit Judges.
_____

COLLOTON, Chief Judge.

A grand jury charged Charees Loftin with unlawful possession of a firearm as an unlawful user of a controlled substance. *See* 18 U.S.C. § 922(g)(3). Loftin moved to dismiss the indictment on the ground that the statutory prohibition violated a

constitutional right under the Second Amendment to possess the gun. The district court[*] denied the motion.

The court concluded that Loftin's facial attack on the constitutionality of § 922(g)(3) was foreclosed by *United States v. Seay*, 620 F.3d 919 (8th Cir. 2010). The court observed that Loftin suggested in a supplemental brief that he intended also to raise a challenge to the statute's constitutionality as applied to Loftin. The court concluded, however, that such an as-applied challenge would be premature if raised in a pretrial motion and would be "incapable of resolution without a trial on the merits." *See* Fed. R. Crim. P. 12(b)(1).

The court explained that a trial would "probe the scope of Loftin's drug use and the extent of his possession of the firearm," and that these factual matters would assist in resolving both an as-applied constitutional challenge and Loftin's guilt or innocence on the charged offense. The court thus informed Loftin that the court would "defer ruling on any as-applied challenge pending trial." Loftin then entered a conditional plea of guilty, reserving his right to appeal the court's denial of his motion. *See* Fed. R. Crim. P. 11(a)(2).

On appeal, Loftin argues that § 922(g)(3) is unconstitutional as applied to him. The government responds that the district court properly deferred a ruling on Loftin's potential as-applied challenge until trial, and that Loftin waived any as-applied challenge by pleading guilty. There is also a dispute about whether Loftin even raised an as-applied challenge in his motion to dismiss and supplemental brief.

---

[*]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable Susan M. Bazis, then-United States Magistrate Judge for the District of Nebraska.

Whether or not Loftin adequately raised an as-applied challenge in his motion to dismiss, there is no merit to his appeal. The district court did not rule on Loftin's as-applied challenge to the statute because the issue could not be determined without a trial on the merits, and Loftin waived the as-applied challenge by pleading guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A defendant who pleads guilty conditionally "is not allowed to take an appeal on a matter which can only be fully developed by proceeding to trial." Fed. R. Crim. P. 11, advisory committee note to 1983 amendment; *see United States v. Yater*, 756 F.2d 1058, 1062-63 (5th Cir. 1985).

The judgment of the district court is affirmed.

STRAS, Circuit Judge, concurring in the judgment.

This case "should not have been hard." *United States v. Grubb*, No. 24-1496, at 11 (8th Cir. Apr. 21, 2025) (Stras, J., concurring in the judgment) (citation omitted). Charees Loftin's plea agreement waived his argument that the drug-user-in-possession statute, 18 U.S.C. § 922(g)(3), is unconstitutional as applied to him. If he had preserved it, *United States v. Baxter* would provide the roadmap for dealing with it. 127 F.4th 1087, 1090 (8th Cir. 2025). Rather than commit to either approach, the court mixes and matches instead.

I.

Its choice seems to have little to do with how Loftin or the government approached this case. From the start, Loftin raised a *facial* Second Amendment challenge to the statute, but he did not bring up the possibility of an *as-applied* challenge until well after he filed his motion to dismiss, and even then, only in passing. Unsurprisingly, the magistrate judge missed it. The district court apparently thought his supplemental brief preserved the issue, but deferred ruling on it until trial. It wanted to avoid getting ahead of the jury by resolving disputes about the "scope of

Loftin's drug use and the extent of his possession of the firearm." *See id.* (recognizing that pretrial motions can wait when they are "bound up" with the facts of the offense (citation omitted)).

If Loftin did not waive the challenge before, he did when he conditionally pleaded guilty. He signed a plea agreement that reserved the right to appeal "the . . . Findings and Recommendations made to the United States District Court that [his] Motion to Dismiss be denied and the . . . Order denying [his] Motion to Dismiss." *See* Fed. R. Crim. P. 11(a)(2) (allowing defendants to reserve the right to "have an appellate court review an adverse determination of" a motion to dismiss). By deferring the as-applied challenge until trial, unlike the facial challenge that it rejected outright, the district court did not make an "adverse determination" on it. *Id.* The only reasonable conclusion is that Loftin waived it through the language in his plea agreement. *See United States v. Veasley*, 98 F.4th 906, 908 (8th Cir. 2024) (noting that a guilty plea waives unpreserved as-applied constitutional challenges).

II.

Instead of focusing on Loftin's case, the court seems more concerned about whether *anyone* could have their as-applied challenges decided before trial. *Baxter* dealt with this issue by concluding that *district courts* decide, case by case, whether the issue is fit for pretrial determination.[1] *See Baxter*, 127 F.4th at 1091; *see also Grubb*, No. 24-1496, at 13 (Stras, J., concurring in the judgment) (observing that the government has the burden to "prove the constitutionality of the statute," so "*it* must

---

[1]Indeed, the commentary the court relies on, read in context, confirms that district courts get to make the call about which issues need to await trial when they review conditional guilty pleas. *See* Fed. R. Crim. P. 11 cmt. n. (explaining that "[t]he requirement of approval *by the court* . . . ensures . . . that the defendant is not allowed to take an appeal on a matter which can only be fully developed by proceeding to trial" (emphasis added)).

-4-

convince the *district court* that it still needs a trial"). In making that judgment, *Veasley* and *Cooper* "provide[] the relevant questions to" consider. *Grubb*, No. 24-1496, at 10 (Stras, J., concurring in the judgment); *see United States v. Cooper*, 127 F.4th 1092, 1096 (8th Cir. 2025); *Veasley*, 98 F.4th at 912–17.

There is, however, no need to address any of these issues here. The reason, of course, is that Loftin never pleaded guilty under "the assumption that he could have an appellate court review" his as-applied challenge. *Baxter*, 127 F.4th at 1091 (citation omitted). His failure to "expressly reserve[]" it, in other words, is what dooms his appeal, not his failure to take it to trial. *United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010) (concluding that the failure to list "suppression issues" in a plea agreement waives the right to appeal them). The analysis should begin and end there.

_____